**Robert CONNOR, Appellant,**

v.

**Johnny KLEVENHAGEN, Sheriff of Harris County, Texas, et al, Appellees.**

**No. B14–86–440–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 5, 1987.

Rehearing Denied March 12, 1987.

Patricia Tornillo, Kahn & Maierson, P.C., Houston, for appellant.

John W. Mahoney, Office of the Co. Atty., Houston, for appellees.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

OPINION

CANNON, Justice.

Appellant Robert Connor is seeking review of the trial court's order which dismissed his Original Petition for want of jurisdiction because he failed to comply with Tex.Rev.Civ.Stat.Ann. art. 2372h–8, § 7 (Vernon Supp.1987).[1] In his sole point of error appellant maintains that this action on the part of the trial court constitutes reversible error. We agree and, accordingly, reverse the order of the trial court and remand this cause for further proceedings.

Appellant was terminated from his employment as a deputy sheriff with the Harris County Sheriff's Department on May 10, 1985, for alleged violations of the Harris County Sheriff's Department Manual of Policy and Ethics. He appealed his termination to Johnny Klevenhagen, Sheriff of Harris County, Texas (Klevenhagen), who

---

**1.** Tex.Rev.Civ.Stat.Ann. art. 2372h–8, § 7 (Vernon Supp.1987) will hereinafter be referred to    as article 2372h–8, section 7.

upheld the termination. Appellant then appealed the decision of the Sheriff to the Harris County Sheriff's Department Civil Service Commission (the Commission). A hearing was held before the Commission on July 1, 1985, and a decision upholding appellant's termination was rendered by the Commission on July 5, 1985.

Appellant then appealed the Commission's decision by filing his Original Petition in the 151st Judicial District Court of Harris County, Texas on August 2, 1985. In this petition, the only party named as a defendant was Klevenhagen. On August 29, 1985, Klevenhagen filed his Motion to Dismiss and Original Answer. In his Motion to Dismiss, Klevenhagen alleged that appellant failed to join the Commission, a party that article 2372h–8, section 7 has mandated to be necessary and indispensable. Because the time within which to file an appeal naming the correct party had already expired pursuant to article 2372h–8, section 7, Klevenhagen asked that appellant's suit be dismissed for want of jurisdiction. On September 5, 1985, appellant filed his Amended Original Petition, which added the Commission as a party defendant. On April 14, 1986, the Commission filed its Motion to Dismiss and Original Answer, which made the same lack-of-jurisdiction allegations as had Klevenhagen's Motion to Dismiss and Original Answer. On April 14, 1986, the district court ordered that appellant's Original Petition be dismissed for want of jurisdiction because it had not been timely filed against the Commission as required by article 2372h–8, section 7. This appeal followed.

Neither party contests the fact that appellant filed his Original Petition against Klevenhagen in district court within the statutory time limit. Rather, the query on appeal is whether article 2372h–8, section 7 requires that the Commission be named as a party in the Original Petition within the statutory time limit in order to invoke the district court's jurisdiction.

Article 2372h–8, section 7 provides the procedure by which a party may appeal a decision of a sheriff's department civil service commission. It states, in pertinent part:

> (a) An employee who under a final decision of the commission is demoted, suspended, or removed from a position may appeal the decision by filing a petition in a district court of the county not later than the 30th day after the day the decision is issued.

With regard to administrative appeals, the supreme court has noted:

> It is well established that a party pursuing an administrative appeal from an agency's decision must name the defendant mandated by statute as a party within the time limit set forth in order to invoke the trial court's jurisdiction.

*Texas Catastrophe Property Insurance Association v. Council of Co-Owners of Saida II Towers Condominium Association,* 706 S.W.2d 644, 646 (Tex.1986).

Appellant argues that article 2372h–8, section 7 does not mandate a defendant as a party. Further, he maintains that the only jurisdictional requirement of the article is that a petition be filed in district court within thirty days of issuance of the Commission's decision, which jurisdictional requirement he clearly met. Therefore, appellant concludes, the trial court erred in dismissing his Original Petition for want of jurisdiction.

Appellee insists, however, that article 2372h–8, section 7 plainly mandates that the Commission be named as a party within thirty days after it issues a decision because it is the Commission's decision that is being appealed and consequently, it is the Commission that must be named as a party to defend its ruling. He further argues that it defies logic to suggest that the Commission's decision may be appealed by filing a lawsuit against another party.

We have carefully considered the arguments of both parties, the language of article 2372h–8, section 7, and the language of other statutes, which provide for the appeal of decisions rendered by other administrative agencies. *See* Tex.Ins.Code Ann. art. 1.04(f) (Vernon 1981) (stating that any party dissatisfied with an act or ruling adopted by the State Board of Insurance may file a

petition in Travis County District Court "against the State Board of Insurance as defendant."); Tex.Rev.Civ.Stat.Ann. art. 5221b–4, §§ (h), (i) (Vernon 1971) (providing that the "[Texas Employment] Commission shall be deemed to be a party to any judicial action" involving a decision by the Commission concerning a claim for unemployment benefits and that "any party aggrieved [by the Commission's decision] may secure judicial review thereof by commencing an action ... against the Commission for the review of its decision, in which action any other party to the proceeding before the Commission shall be made a defendant ..."). We conclude that article 2372h–8, section 7 does not mandate that the Commission be named as a defendant within thirty days of the Commission's decision in order to invoke the jurisdiction of the district court when appealing the Commission's decision. If it is the intention of the legislature to require that the Commission be named as a defendant, then it is the obligation of the legislature to so include said requirement in article 2372h–8, section 7, as it has clearly done in the past in other statutes. *See* Tex.Ins.Code Ann. art. 1.04(f) (Vernon 1981); Tex.Rev.Civ.Stat. Ann. art. 5221b–4, §§ (h), (i) (Vernon 1971).

Moreover, we do not agree with appellee's argument, which states that article 2372h–8, section 7, jurisdictionally requires that the Commission be named as a party because it must defend its ruling. We note that the decision to terminate appellant commenced in the Harris County Sheriff's Department. The Commission's review of appellant's termination by the Harris County Sheriff's Department was an action of quasi-judicial character. Generally, appellate review of a trial court's decision or of an intermediate appellate court's decision does not require joinder of either of these courts as a defendant. Consequently, we will not inject such a jurisdictional requirement when one is seeking review of a decision by a commission acting in a quasi-judicial capacity in the absence of clear legislative language mandating such a requirement. Therefore, we sustain appellant's point of error and reverse the order of the court below and remand the cause for further proceedings.