**Chief of Police Sam NUCHIA and The City of Houston, Appellants,**

v.

**J.B. WOODRUFF, Appellee.**

No. 14–96–01489–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 2, 1997.

Rehearing Overruled Dec. 18, 1997.

Danita Roy Wiltz, Houston, for appellants.

Fred A. Keys, Jr., Houston, for appellee.

Before MURPHY, C.J., and ANDERSON and O'NEILL, JJ.

### OPINION ON REHEARING

O'NEILL, Justcie.

Appellants, Chief of Police Sam Nuchia and the City of Houston (hereinafter collectively "the City"), appeal the trial court's order of dismissal for want of jurisdiction granted on motion of appellee, James B. Woodruff ("Woodruff"). Woodruff filed a motion to dismiss the appeal based upon the City's failure to timely file the transcript, and raised three conditional cross-points. In response to Woodruff's motion to dismiss, the City acknowledged it did not extend the appellate timetable by filing a motion for new trial or motion to modify after the October 5, 1995 judgment, but claimed that due to error in the district clerk's office it did not receive notice of the judgment until October 27, 1995. The City claimed the appellate timetable ran from the date it received notice of the judgment and, therefore, its filing of the transcript was timely. We rejected the City's argument as not properly perfected under TEX.R.APP. P. 5(b)(5),[1] and dismissed the appeal. For the first time on motion for re-

---

1. When a party is not notified by the clerk of the trial court within twenty days after the judgment is signed, the appellate timetable begins to run on the date the party received the notice or acquired actual knowledge of the signing, whichever occurred first. TEX.R.APP. P. 5(b)(4); TEX.R. CIV. P. 306a(4). To obtain the benefit of this provision, the appellant must establish in the trial court, on sworn motion and notice, the date on which it first received notice or acquired actual knowledge of the signing of the judgment. The trial judge finds the date upon which knowledge of the signing was obtained and includes the finding in an order. The City failed to meet its burden to secure such a finding from the trial court, therefore it could not raise the issue for the first time on appeal. *See Sur v. R.W. Otts, Inc.*, 800 S.W.2d 647, 648 (Tex.App.—Houston [14th Dist.] 1990, writ denied).

hearing, the City invokes the provisions of TEX.R. CIV. P. 306c and TEX.R.APP. P. 58(a), and claims that its motion for new trial filed and overruled nearly six months prior to the final judgment operated to extend the appellate timetable. We agree with the City's argument raised on rehearing, deny Woodruff's motion to dismiss, withdraw our previous opinion and substitute this one in its place.

We find the district court had subject matter jurisdiction over the City's declaratory judgment action, therefore, the trial court's dismissal for want of jurisdiction was improper. We further find the district court properly granted the City's motion for summary judgment as to Woodruff's counterclaim. Accordingly, we affirm in part, and reverse and remand in part for further proceedings consistent with this opinion.

### Motion to Dismiss

On rehearing the City claims its April 10, 1995 motion for new trial, which was directed at an earlier interlocutory judgment and overruled nearly five months prior to the final judgment, should be considered applicable to the final judgment signed on October 5, 1995. The City invokes TEX.R. CIV. P. 306c, which provides that "no motion for new trial ... shall be held ineffective because prematurely filed; but every such motion shall be deemed to have been filed on the date of but subsequent to the time of the signing of the judgment the motion assails." Similarly, TEX.R.APP. P. 58(a) provides that "[p]roceedings relating to an appeal need not be considered ineffective because of prematurity if a subsequent appealable order has been signed to which the premature proceeding may properly be applied." The "proceedings relating to an appeal" referenced in Rule 58(a) include motions for new trial. *Harris County Hosp. Dist. v. Estrada*, 831 S.W.2d 876, 878 (Tex.App.—Houston [1st Dist.] 1992, no writ) (citations omitted). Thus, the City's premature April 10, 1995 motion for new trial will be deemed filed on October 5, 1995, as long as it "assails" the final judgment that was signed. TEX.R. CIV. P. 306c.

Woodruff claims the premature motion for new trial does not "assail" the October 5 judgment because it was overruled before the judgment was signed and was therefore not a live pleading. There is some authority for Woodruff's position. For example, in *A.G. Solar & Co., Inc. v. Nordyke*, 744 S.W.2d 646, 647–48 (Tex.App.—Dallas 1988, no writ), the court held the appellate deadline was not extended by a premature motion for new trial that had been overruled by operation of law before the court signed a second judgment. The court determined that a motion for new trial that has been disposed of "can no longer 'assail' a subsequent judgment under rule 306c ... and can no longer 'be properly applied' to that judgment under rule 58...." *Id.* at 647–48. However, in *Estrada*, the court declined to recognize a live pleading distinction for prematurely filed motions. 831 S.W.2d at 880. The court emphasized that neither of the rules limit their application to live pleadings, and reasoned that such a requirement would defeat the purpose of the rules. *Id.*

The Texas Supreme Court has concluded that, with respect to preservation of error, the better reasoned approach is set forth in *Estrada*. *Fredonia State Bank v. General American Life Ins.*, 881 S.W.2d 279, 282 (Tex.1994). The court acknowledged that *Solar* dealt with extension of the appellate timetable rather than preservation of error, and noted that its opinion did not purport to resolve the conflict between *Solar* and *Estrada* on extension of the appellate deadline. *Id.* However, we see no reason to draw such a distinction in the present case. The City's prematurely filed motion for new trial obviously assailed the subsequently signed judgment, and we see no reason why it should not operate to extend the appellate timetable. The complaints made in the City's premature motion applied equally to the subsequent judgment, which simply disposed of Woodruff's counterclaims and made the previous interlocutory judgment, about which the City complained, final.

Considering the policy that "the Rules of Appellate Procedure ... should not be read to defeat the right to appeal except when such a construction is absolutely necessary,"

we conclude the City's premature motion for new trial "assailed" the subsequent judgment under TEX.R. CIV. P. 306c, and can "be properly applied" to the subsequent judgment under TEX.R.APP. P. 58(a). *Id.* Consequently, the City's motion was deemed filed on October 5, 1995, after the final judgment was signed, and extended the time for filing the transcript with the appellate court to 120 days thereafter. The City's motion for extension of time to file the transcript was properly filed within this time period, and the transcript was timely filed with the court's permission on February 15, 1997. We therefore have the authority to consider the transcript and rule on the merits of the underlying cause.

## Background

On April 5, 1993, Police Chief Nuchia ("Nuchia"), acting under the Fire Fighters' and Police Officers' Civil Service Act (the "Act"), recommended the involuntary demotion of Woodruff from the rank of Police Sergeant to the rank of Police Officer for violation of various rules and regulations. TEX. LOC. GOV'T CODE ANN. § 143.054 (Vernon 1988). Woodruff elected to appeal the recommendation to a third party hearing examiner, as allowed by TEX. LOC. GOV'T.CODE ANN. § 143.1016 (Vernon Supp.1997). The hearing examiner, Thomas Cippolla, conducted a hearing and determined that Woodruff should be demoted for a period of one month, after which he would resume his prior status as Sergeant. Nuchia disputed Cippolla's authority under the statute to do anything other than grant or deny Nuchia's recommended demotion. Because the hearing examiner approved the demotion, albeit only in part, Nuchia considered his recommendation granted and demoted Woodruff on December 1, 1993. However, Woodruff has not been reinstated as Sergeant in either rank or salary.

On November 24, 1993, the City instituted suit in the district court against Woodruff and Cippolla alleging that Cippolla exceeded

his jurisdiction when he modified the recommendation of the department head to provide for reinstatement.[2] The City brought the suit as an appeal of the hearing examiner's award under § 143.1016(j) of the Act. In the alternative, the City requested a declaratory judgment that Cippolla exceeded his jurisdiction. Woodruff filed a counterclaim against Nuchia, individually, for intentional infliction of emotional distress based upon Nuchia's failure to reinstate him to the position of Sergeant as provided in the hearing examiner's award. The trial court dismissed the City's suit for lack of jurisdiction, and granted Nuchia's motion for summary judgment as to Woodruff's counterclaim.

## The Trial Court's Jurisdiction

■ The trial court found that the City had no statutory authority to appeal an administrative ruling of an independent hearing examiner, and concluded that it "ha[d] no jurisdiction to hear this case." Consequently, the trial court dismissed the entire case, including both the appeal of the hearing examiner's decision and the declaratory judgment action. The City contends the trial court erred in dismissing its petition because § 143.1016(j) confers jurisdiction upon the district court to hear its appeal from the hearing examiner's award.[3] In the alternative, the City claims the district court had jurisdiction under the Declaratory Judgment Act. TEX. CIV. PRAC. & REM.CODE ANN. § 37.001 (Vernon 1986). We will first address the City's claims under the Declaratory Judgment Act.

The City argues that, because it is seeking a declaration that the hearing examiner exceeded his jurisdiction in ordering Woodruff's reinstatement, the district court had subject matter jurisdiction under the Declaratory Judgment Act. TEX. CIV. PRAC. & REM. CODE ANN. § 37.001 (Vernon 1986). Specifically, the City contends the Declaratory Judgment Act gives the trial court jurisdiction to determine whether an administrative

---

**2.** Cippolla was later non-suited and is no longer a party to this action.

**3.** Section 143.1016(j) provides, in pertinent part, that "[a] district court may hear an appeal of a

hearing examiner's award only on the grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction...."

agency has exceeded its statutorily conferred powers. *See Gulf States Util. Co. v. Coalition of Cities for Affordable Util. Rates,* 883 S.W.2d 739, 743 (Tex.App.—Austin 1994), *rev'd on other grounds,* 947 S.W.2d 887 (Tex. 1997) (holding "an action taken by an administrative agency in excess of its statutory powers is the well recognized exception to the general rule that an agency's final order ... is immune from collateral attack."). Woodruff first responds that the City did not raise the Declaratory Judgment Act in its motion for new trial and, therefore, waived this argument on appeal.

▇▇▇ A party may bring a matter to the attention of the court for the first time on appeal only when fundamental error exists. *Elbar, Inc. v. Claussen,* 774 S.W.2d 45, 52 (Tex.App.—Dallas 1989, writ dismissed). Because jurisdiction is considered fundamental, raising the issue does not require compliance with the usual requirements of preservation of the error or briefing of the point and argument. *Tullos v. Eaton Corp.,* 695 S.W.2d 568 (Tex.1985); *El–Kareh v. Texas Alcoholic Beverage Comm'n,* 874 S.W.2d 192, 194 (Tex.App.—Houston [14th Dist.] 1994, no writ); *H.E. Butt Grocery Co. v. Bay, Inc.,* 808 S.W.2d 678, 679 (Tex.App.—Corpus Christi 1991, writ denied); *Crawford v. Williams,* 797 S.W.2d 184, 184–85 (Tex. App.—Corpus Christi 1990, writ denied). Subject matter jurisdiction may not be waived by the parties, and may be raised for the first time on appeal. *Gorman v. Life Ins. Co. of N. Am.,* 811 S.W.2d 542, 547 (Tex.1991), *cert. denied,* 502 U.S. 824, 112 S.Ct. 88, 116 L.Ed.2d 60 (1991); *Color Tile, Inc. v. Ramsey,* 905 S.W.2d 620, 622 (Tex. App.—Houston [14th Dist.] 1995, no writ). The City's failure to raise the trial court's subject matter jurisdiction under the Declaratory Judgment Act in its motion for new trial did not waive the issue on appeal because the issue is one of jurisdiction. Therefore, we must determine whether the trial court had subject matter jurisdiction of the City's claims under the Declaratory Judgment Act.

▇▇▇ A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex.1995). "To constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute." *Id.* (citations omitted). Courts generally do not interfere in statutorily conferred duties and functions of an administrative agency. *Nueces County v. Nueces County Civil Serv. Comm'n,* 909 S.W.2d 597, 598 (Tex.App.—Corpus Christi 1995, no writ) (citing *Westheimer Ind. School Dist. v. Brockette,* 567 S.W.2d 780, 785 (Tex.1978)). However, courts can intervene in administrative proceedings when an agency is exercising authority beyond its statutorily conferred powers. *Id.* (citing *Westheimer Ind. School Dist.,* 567 S.W.2d at 785 and *Gulf States Util. Co.,* 883 S.W.2d at 743 n. 4). In so doing, courts may provide declaratory relief. *Id.*

This case presents a controversy that can be resolved by a declaratory judgment. The City asserts that the hearing examiner exceeded his statutorily conferred jurisdiction when he ordered Woodruff to be demoted for only thirty days and then reinstated as a Sergeant. Woodruff, on the other hand, contends it is within the jurisdiction of the hearing examiner to modify the recommended demotion. By declaring whether or not the hearing examiner may modify a recommended demotion, the controversy at issue will be resolved. We therefore find that the City has the right to judicial review under the Declaratory Judgment Act to determine if the hearing examiner in fact exceeded his authority.

▇▇▇ Woodruff next claims the City cannot invoke the Declaratory Judgment Act because Cippolla, the hearing examiner, is not named in the suit and is an "indispensable" party.

▇▇▇ The Declaratory Judgment Act provides that "all persons who have or claim any interest that would be affected by the declaration must be made parties." TEX. CIV. PRAC. & REM.CODE ANN. § 37.006(a) (Vernon 1986). "While such a situation is rare, there are parties whose presence is so indispens-

able to the resolution of a cause of action that their absence can deprive a court of jurisdiction." '(*Travis Heights Imp. Ass'n v. Small,* 662 S.W.2d 406, 413 (Tex.App.—Austin 1983, no writ) (citations omitted)). A court loses jurisdiction to adjudicate any claim as to which an indispensable party is non-suited. *Id.* (citing *Royal Petroleum Corp. v. McCallum,* 134 Tex. 543, 135 S.W.2d 958 (1940)).

This court, in *Connor v. Klevenhagen,* addressed the question of whether the Civil Service Commission is a necessary party to an appeal of a Commission decision. 726 S.W.2d 205 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). Connor was a deputy sheriff who was terminated by the Harris County Sheriff's department. Connor appealed his termination to the sheriff, the Civil Service Commission, and then to the district court. The district court granted the sheriff's motion to dismiss for failure to join the Commission, which the sheriff argued was an indispensable party. In determining whether the Commission was an indispensable party, we noted that "[i]t is well established that a party pursuing an administrative appeal from an agency's decision must name the defendant mandated by statute as a party...." *Id.* at 206 (citing *Texas Catastrophe Property Ins. Assoc. v. Council of Co–Owners of Saida II Towers Condominium Assoc.,* 706 S.W.2d 644, 646 (Tex.1986)). Because the statute was silent as to whether the Commission was an indispensable party, we looked for guidance to other administrative statutes and observed that, "if it is the intention of the legislature to require that the Commission be named as a defendant, then it is the obligation of the legislature to so include said requirement in [the statute] as it has clearly done in the past in other statutes." *Id.* at 207 (citing TEX. INS.CODE ANN. § 1.04(f) (Vernon 1981) and TEX.REV.CIV. STAT. ANN. art. 5221b–4, §§ (h), (i) (Vernon 1971)). Because the statute at issue did not require the Commission to be named as a party, we held that it was not an indispensable party. *Id.* We believe *Connor* is analogous to the present case. Chapter 143 of the Local Government Code contains nothing to indicate that a hearing examiner must be named as a defendant in a suit before the district court.

Woodruff argues that, irrespective of the statute's silence, the Declaratory Judgment Act jurisdictionally requires that the hearing examiner be named as a party because he must defend his ruling. Woodruff cites *Reynolds v. Haws,* 741 S.W.2d 582, 587–88 (Tex.App.—Fort Worth 1987, writ denied) in support of his argument. There, a group of homeowners appealed a zoning decision of the Board of Adjustment, but failed to timely name the Board as a party. *Id.* The court found "it is not proper for a court to render a decision affecting the action of the Board, without the Board as a party to the lawsuit." *Id.* at 588. However, before so holding, the court noted that the language in the applicable statute implied that the Board was an indispensable party, even to the point of allowing the district court to hold the Board liable for costs if it found the Board acted with gross negligence, with malice, or in bad faith in making its decision. *Id.* at 587–88.

There are no such implications in the present case. Nowhere does the legislature imply the hearing examiner is an indispensable party, nor is the hearing examiner at jeopardy for costs as the Board was in *Reynolds.* The recommendation to demote Woodruff came from Nuchia, the Chief of Police, and the hearing examiner's review of that recommendation was a quasi-judicial function, as was the Commission's review of the appellant's termination by the sheriff's department in *Connor.* 726 S.W.2d at 207 (holding Commission's review of appellant's termination was "an action of quasi-judicial character."). Generally, review of a court's decision does not require joinder of the court as a party. *Id.* As stated by this court in *Connor,* "we will not inject such a jurisdictional requirement when one is seeking review of a decision by a commission acting in a quasi-judicial capacity in the absence of clear legislative language mandating such a requirement." *Id. See also Vick v. City of Waco,* 614 S.W.2d 861, 864 (Tex.Civ.App.—Waco 1981, writ ref'd n.r.e.). We conclude that the hearing examiner was not an indispensable party to the City's declaratory judgment action, and sustain the City's point of error.

Because we have determined that the district court had subject matter jurisdiction under the Declaratory Judgment Act, we do not need to address the propriety of the City's suit as an appeal under TEX. LOC. GOV'T CODE ANN. § 143.1016(j).

### Woodruff's Cross–Points

In three cross-points, Woodruff claims the trial court erred in granting the City's motion for summary judgment on Woodruff's counterclaim because it failed to meet its summary judgment burden to establish the affirmative defense of official immunity.

The appropriate standard to be followed when reviewing a summary judgment is well-established:

1. the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law;

2. in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and

3. every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Woods v. Moody*, 933 S.W.2d 306, 307 (Tex.App.—Houston [14th Dist.] 1996, no writ). A defendant who moves for summary judgment on the basis of an affirmative defense must conclusively prove all essential elements of that defense. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972); *Cortez v. Weatherford Ind. Sch. Dist.*, 925 S.W.2d 144, 147 (Tex.App.—Fort Worth 1996, no writ). Where, as here, the summary judgment order does not specify the grounds upon which summary judgment was granted, the reviewing court will affirm the judgment if any of the theories

advanced in the motion is meritorious. *State Farm Fire & Casualty Co. v. S. S.*, 858 S.W.2d 374, 380 (Tex.1993).

In his first cross-point, Woodruff claims the City failed to meet its summary judgment burden to prove that Nuchia's failure to restore Woodruff to the rank of Sergeant, as ordered by the hearing examiner, was a discretionary act that would entitle Nuchia to official immunity.[4] Government employees are entitled to official immunity from suits arising from the good faith performance of discretionary duties as long as they are acting within the scope of their authority. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994) (citations omitted). As a general rule, official immunity attaches to a government employee's official actions only when the employee's job requires the exercise of personal judgment and discretion. *Travis v. City of Mesquite*, 830 S.W.2d 94, 102 (Tex.1992) (Cornyn, J., concurring) (citing *Baker v. Story*, 621 S.W.2d 639, 644 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.)). In contrast, an employee's performance of duties that are merely ministerial in nature is not cloaked with official immunity. *Id.* In other words, government employees are subject to suit if their acts are "ministerial" acts involving mere obedience of orders or performance of duties requiring nongovernmental choices, as opposed to "discretionary" acts requiring personal deliberation, decision, and judgment involving the government. *City of Irving v. Pak*, 885 S.W.2d 189, 192 (Tex.App.—Dallas 1994, writ dism'd w.o.j.); *Tyrrell v. Mays By and Through Mays*, 885 S.W.2d 495, 497 (Tex. App.—El Paso 1994, writ dism'd w.o.j.).

The distinction between discretionary and ministerial duties has been described as follows:

Ministerial acts are those: '[w]here the law prescribes and defines the duties to be

---

4. Nuchia also moved for summary judgment based upon sovereign immunity. However, this doctrine, as its name implies, shields the sovereign from liability. Where the liability of a governmental officer or employee is concerned, rather than the sovereign itself, the question is one of official, not sovereign, immunity. *Baker v. Story*, 621 S.W.2d 639, 643 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.). There is no immunity other than official immunity to shield governmental officials who are sued in their individual capacities. *Copeland v. Boone*, 866 S.W.2d 55, 58 (Tex.App.—San Antonio 1993, writ dismissed). Consequently, our analysis is limited to official immunity.

performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment ... but, where the act to be done involves the exercise of discretion or judgment, it is not to be deemed merely ministerial.'

*Chambers,* 883 S.W.2d at 654 (quoting *Rains v. Simpson,* 50 Tex. 495, 501 (1878)) (quoting *Commissioner of the Gen. Land Office v. Smith,* 5 Tex. 471, 479 (1849)). The distinction between these two categories is often one of degree, since any official act that is ministerial will still require the actor to use some discretion in its performance. *Chapman v. Gonzales,* 824 S.W.2d 685, 687 (Tex. App.—Houston [14th Dist.] 1992, writ denied). Thus, a significant aspect of the process of determining whether an act is ministerial or discretionary involves searching for a law or regulation controlling the acts of the officer in a particular situation. *Harris County v. DeWitt,* 880 S.W.2d 99, 101 (Tex. App.—Houston [14th Dist.] 1994), *aff'd,* 904 S.W.2d 650 (Tex.1995).

Woodruff contends the City's failure to restore him to the rank of Sergeant in accordance with the hearing examiner's award was ministerial because the statute provides that, where an officer decides to appeal a recommended demotion to a hearing examiner, "[t]he hearing examiner's decision is final and binding on all parties." TEX. LOC. GOV'T CODE ANN. § 143.1016(c). Woodruff claims this statute is a firm directive that leaves nothing to discretion, therefore, Nuchia's failure to reinstate in accordance with the hearing examiner's award was a refusal to perform a ministerial function. The City, on the other hand, claims the hearing examiner only had statutory authority to approve or disapprove Nuchia's recommended demotion, and could not modify the recommendation to make it temporary. Because the hearing examiner exceeded his jurisdiction by modifying the recommendation, the City contends, Nuchia was forced to decide what to do with the award pending a challenge to the hearing examiner's authority. The City claims Nuchia's actions were discretionary because "there is no firmly entrenched law under Chapter 143 which prescribed and defined with such precision and certainty the appropriate action [he] should have taken in this

particular circumstance that would characterize his actions as ministerial." We agree that Nuchia's actions were discretionary.

Although § 143.1016(c) provides that the hearing examiner's decision is "final and binding on all parties," nowhere does the statute address the enforceability of the award pending a challenge to that decision by direct appeal under § 143.1016(j) or an action for declaratory relief. Thus, the statute gives no clear guidance as to how the City is to treat the decision of the hearing examiner on a recommended demotion pending a challenge to the examiner's authority in the district court. By analogy § 143.120, entitled "Appeal of Indefinite Suspension," states particularly what the department head must do. If the commission restores the suspended officer to his position, which it is expressly authorized to do, the statute specifically provides that "the department head shall immediately reinstate the person as ordered ... [i]f the department head intentionally refuses to obey a lawful commission order of reinstatement, the commission may punish the department head for contempt." There is no concomitant provision that specifies what is to happen when a hearing examiner's award on a recommended demotion is challenged on the grounds provided in § 143.1016(j).

An act is ministerial when "the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Chambers,* 883 S.W.2d at 654. "[B]ut where the act to be done involves the exercise of discretion or judgment in determining whether the duty exists, it is not to be deemed merely ministerial." *Commissioner of the Gen. Land Office,* 5 Tex. at 479. Only where an action "requires obedience to orders or the performance of a duty to which the actor has no choice" is the action deemed to be ministerial. *Chambers,* 883 S.W.2d at 654.

In the present case, the statute does not speak to what the City is to do pending a challenge to the hearing examiner's jurisdiction. Woodruff himself appears uncertain what course Nuchia should have taken,

claiming alternately that Nuchia should have maintained the status quo and never demoted Woodruff or that he should have demoted Woodruff and reinstated him in accordance with the hearing examiner's decision. Certainly if the hearing examiner's decision was unchallenged, the City would have a ministerial duty to carry out that decision. However, when the hearing examiner's authority is challenged, the statute is silent as to the effect of the award. We believe the determination of whether to maintain the status quo, demote and reinstate, or demote pending the City's challenge is a policy decision of a governmental unit. *See Burgess v. Jaramillo,* 914 S.W.2d 246, 250 (Tex.App.—Fort Worth 1996, no writ). Absent a specific statutory directive, we believe Nuchia exercised "a power to choose among alternatives within legal bounds" and his actions were therefore discretionary. *See Landon v. Jean–Paul Budinger, Inc.,* 724 S.W.2d 931, 935 (Tex. App.—Austin 1987, no writ). Woodruff's first cross-point is overruled.

In his second cross-point, Woodruff claims the trial court erred in granting the City's motion for summary judgment because "the City used the motion for summary judgment to circumvent the special exception practice and Sergeant Woodruff was entitled to amend his pleadings." However, Woodruff has offered no argument or authorities in support of this cross-point. Consequently, nothing is presented for review. TEX.R.APP. P. 50(d), 74; *Henry S. Miller Management Corp. v. Houston State Assocs.,* 792 S.W.2d 128, 132 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

In his final cross-point, Woodruff claims the trial court erred in granting the City's motion for summary judgment because Nuchia's affidavit contained legal conclusions which were inadequate to support summary judgment. Because we have found summary judgment was proper irrespective of any alleged legal conclusions contained in Nuchia's affidavit, we do not address this cross-point.

Accordingly, the City's motion for rehearing is granted, Woodruff's motion to dismiss the appeal is denied, and the judgment of the trial court is affirmed in part and reversed and remanded in part for further proceedings consistent with this opinion.