**CITY OF PASADENA,**
Texas, Appellant,

v.

**Richard SMITH, Appellee.**

No. 01–05–01157–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 14, 2006.

Barbara E. Roberts, Norman Ray Giles, William S. Helfand, Chamberlain, Hrdlicka, White, Williams & Martin, Houston, TX, for Appellant.

Heidi Lee Widell, David Van Os and Associates, P.C., San Antonio, TX, for Appellee.

Panel consists of Justices JENNINGS, HANKS, and HIGLEY.

## OPINION

TERRY JENNINGS Justice.

Appellant, the City of Pasadena (the "City"), challenges the district court's order dismissing its appeal of a hearing examiner's award [1] in favor of appellee, Pasadena Police Officer Richard A. Smith. In its sole issue, the City contends that the trial court erred in holding that it did not have subject matter jurisdiction to hear its appeal.

We affirm.

### Factual and Procedural Background

On April 23, 2004, Pasadena Police Officer Chief M. Massey indefinitely suspend-

---

**1.** *See* TEX. LOC. GOV'T CODE ANN. § 143.057(a) (Vernon Supp.2005) (stating that fire fighters and police officers may appeal disciplinary action to independent third party hearing examiner in lieu of Fire Fighters' and Police Officers' Civil Service Commission).

ed Smith's employment with the police department. Smith filed a grievance objecting to the suspension and elected to appeal his suspension to an independent hearing examiner. Smith and the City selected Daniel Pagnano from a list of hearing examiners provided by the American Arbitration Association (the "AAA"), and, on July 9, 2004, the AAA notified the parties that Pagnano had accepted the appointment.

Pagnano held a hearing on December 9, 2004 to consider Smith's appeal of his suspension. At the beginning of the hearing, noting the absence of Chief Massey, Smith moved to dismiss the notice of suspension, the City's charging instrument. Smith argued that the City could not meet its burden of proof under section 143.1015 of the Texas Local Government Code because Massey, the author of the notice, was not present at the hearing to offer the document into evidence.[2] Smith also noted that Massey was not available for cross-examination as to the basis for and the contents of the notice. After reviewing section 143.1015 and hearing arguments from both parties, Pagnano granted Smith's motion to dismiss, found in favor of Smith, and ordered the City to restore

and reinstate Smith to his position as a police officer and fully compensate him for lost pay and benefits resulting from the suspension.

In a December 21, 2004 letter to the Pasadena City Civil Service Director, Pagnano explained that he granted Smith's motion to dismiss because section 143.1015 "places the burden of proof on the 'department head' to 'submit the written statement and charges to the hearing examiner at the hearing'" and Chief Massey was absent. On March 31, 2005, Pagnano issued a written decision reiterating the ruling he made at the December 9th hearing.[3] On April 7, 2005, the AAA sent a copy of Pagnano's decision to the City via regular United States mail, and his decision was date-stamped as received by the City on April 11, 2005.

On April 20, 2005, the City, appealing Pagnano's ruling, filed its original petition in the district court. Relying on section 143.057(j) of the Texas Local Government Code, the City alleged that Pagnano was "without jurisdiction over the subject matter of this litigation, exceeded his jurisdiction and authority, ... failed to perform his duties, ... and issued an order that

---

**2.** *See* Tex. Loc. Gov't Code Ann. § 143.1015(k) (Vernon 1999) ("The director may not send the hearing examiner the department head's original written statement. The department head shall submit the written statement and charges to the hearing examiner at the hearing."). As the City noted in its appeal to the district court, section 143.1015 applies only to appeals to the Fire Fighters' and Police Officers' Civil Service Commission in municipalities with populations greater than 1.5 million. *Id.* § 143.101(a). Although section 143.101(a) generally concerns commission appeals applicable to all municipalities, it does not contain a corresponding provision regarding the department head's statement, nor does it specifically address proceedings before hearing examiners. *See id.* § 143.010. Likewise, section 143.057, applicable to ap-

peals before hearing examiners, contains no provision addressing the department head's statement. *See id.* § 143.057.

**3.** In the written decision, Pagnano stated that, "the Department Head failed to appear under Texas Local Government Code, section 143.1015(2)(k)(4) at the hearing on December 9, 2004, the Hearing Examiner upheld the appeal and dismissed the charges against Officer Smith." Although Pagnano cited section 143.1015(2)(k)(4), the record makes clear that he was referring to the text appearing below section 143.1015(k) ("Department head shall submit the written statement and charges to the hearing examiner at the hearing.").

was procured by unlawful means."[4] The City also sought a declaratory judgment that Pagnano did not have jurisdiction or authority to render the award and decision. Smith filed his original answer and a cross-claim for enforcement of Pagnano's award on June 27, 2005.

On August 17, 2005, Smith filed a plea to the jurisdiction in which he alleged that the City did not file its petition within the applicable time period, i.e., "within ten days of the mailing of [Pagnano's] decision to the City, pursuant to section 143.015 of the Texas Local Government Code."[5] In its response, the City argued that (1) a plea to the jurisdiction was not applicable, (2) a defense based upon "statute of limitations" is an affirmative defense, not a bar to the court's jurisdiction, and (3) the trial court had jurisdiction because the City was seeking a declaratory judgment. On November 28, 2005, after a hearing, the trial court granted Smith's plea to the jurisdiction and dismissed the City's lawsuit.

## Standard of Review

A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of the action. *Bland ISD v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). The purpose of a dilatory plea is not to force the plaintiffs to preview their case on the merits but to establish a reason why the merits should never be reached. *Id.*

Because the question of subject matter jurisdiction is a legal question, we review the trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *Hoff v. Nueces County,* 153 S.W.3d 45, 48 (Tex.2004); *Reese v. City of Hunter's Creek Village,* 95 S.W.3d 389, 391 (Tex.App.-Houston [1st Dist.] 2002, pet.

denied). We consider the facts alleged in the petition and, to the extent it is relevant to the jurisdictional issue, any evidence submitted by the parties to the trial court. *Tex. Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex.2001).

## Appeal of Hearing Examiner's Award

The City first argues that the trial court erred in granting Smith's plea to the jurisdiction because the trial court had subject matter jurisdiction to hear its appeal of the hearing examiner's award under Texas Local Government Code section 143.057(j). *See* TEX LOC. GOV'T CODE ANN. § 143.057(j) (Vernon Supp.2005). The City asserts that Texas Local Government Code section 143.1015 does not apply to appeals brought pursuant to section 143.057(j) and that it timely filed its lawsuit.

The Texas Legislature has set out a statutory framework in Chapter 143 of the Texas Local Government Code to handle grievances by municipal fire fighters and police officers in a fair, consistent, and orderly fashion. TEX. LOC. GOV'T CODE ANN. §§ 143.001–143.363 (Vernon 1999 & Supp. 2005). Section 143.010 outlines the procedure that an officer must use to appeal a disciplinary action to the Fire Fighters' and Police Officers' Civil Service Commission. *Id.* § 143.010 (Vernon 1999). An officer may appeal the decision of the commission to the district court for a trial de novo. *Id.* § 143.015(b) (Vernon 1999). Alternatively, the officer may elect to appeal an indefinite suspension to an independent third party hearing examiner instead of to the commission. *Id.* § 143.057(a). A hearing examiner has the same duties and powers as the commission. *Id.* § 143.057(f). However, if the officer decides to appeal a disciplinary action to an

---

4. *See* TEX. LOC. GOV'T CODE ANN. § 143.057(j) (Vernon Supp.2005).

5. *See* TEX. LOC. GOV'T CODE ANN. § 143.015(a)(1)(Vernon 1999).

independent third party hearing examiner, unlike the commission's decision, "[t]he hearing examiner's decision is final and binding on all parties" and the officer "automatically waives all rights to appeal to a district court." *Id.* § 143.057(c). A district court may "hear an appeal of a hearing examiner's award only on the grounds" that the hearing examiner "was without jurisdiction or exceeded its jurisdiction or [ ] the order was procured by fraud, collusion, or other unlawful means." *Id.* § 143.057(c), (j).

■ Initially, we note that Smith asserts that the City "has no right to appeal a hearing examiner's decision to a district court" under section 143.057(j). In support of his assertion, Smith relies on *City of Houston v. Clark*, 142 S.W.3d 350, 353 (Tex.App.-Houston [14th Dist.] 2004), *rev'd*, 197 S.W.3d 314, 319 (Tex.2006). In *Clark*, the Fourteenth Court of Appeals construed language in section 143.1016(j) of the Texas Local Government Code, which provides in pertinent part, "A district court may hear an appeal of a hearing examiner's award only on the grounds that [the hearing examiner] was without jurisdiction or exceeded its jurisdiction or the order was procured by fraud, collusion, or other unlawful means." TEX. LOC. GOV'T CODE ANN. § 143.1016(j) (Vernon 1999). This language is identical to the pertinent language in section 143.057(j). *Id.* § 143.057(j). The court held that section 143.1016(j) did not afford a municipality a right to appeal an independent hearing examiner's decision. *Clark*, 142 S.W.3d at 353–54. However, the Texas Supreme Court has recently overruled the Fourteenth Court's holding, concluding "the general language the Legislature chose to describe the right of appeal under section 143.1016(j) was deliberate and not intended to foreclose a municipality's appellate rights." *City of Houston v. Clark*, 197

S.W.3d 314, 319 (Tex.2006). Accordingly, we hold that the identical language in section 143.057(j) does not foreclose a municipality's right to appeal from an independent hearing examiner's award.

■ Although the language of section 143.057(j) does not allocate the right to appeal an independent hearing examiner's decision to any particular party, it does expressly restrict the scope of the appeal. *See Clark*, 197 S.W.3d at 318. As noted above, a district court may "hear an appeal of a hearing examiner's award *only* on the grounds" that the examiner "was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means." TEX. LOC. GOV'T CODE ANN. § 143.057(j) (emphasis added).

Here, the City argues that the hearing examiner exceeded his statutorily conferred jurisdiction "by applying an unquestionably inapplicable statutory provision and by failing to apply applicable statutory provisions." The City is not complaining that the hearing examiner, in ordering Smith reinstated and awarding him lost pay and benefits, exceeded his statutorily conferred jurisdiction to rule. Rather, the City's real complaint is that Pagnano erred in applying the wrong law, not applying the appropriate law, and incorrectly interpreting the law. However, as noted above, the relevant question under section 143.057(j) is not whether the hearing examiner erred, but whether he had jurisdiction or exceeded his jurisdiction to rule. *See* TEX. LOC. GOV'T CODE ANN. § 143.057(j).

■ Independent hearing examiners are given the power, under Chapter 143, to apply, interpret, and enforce the rules that are contained in Chapter 143. *Lindsey v. Fireman's and Policeman's Civil Serv. Comm'n*, 980 S.W.2d 233, 236 (Tex.App.-Houston [14th Dist.] 1998, pet. denied). An independent hearing examiner has no

power to make rules regarding suspension or dismissal, but may apply, interpret, and enforce the rules adopted by the commission and the legislature. *City of Garland v. Byrd,* 97 S.W.3d 601, 608 (Tex.App.-Dallas 2002, pet. denied). A complaint that an independent hearing examiner "[got] it wrong" is not the same as a complaint that the examiner acted outside of his statutory authority. *Williams v. Houston Firemen's Relief and Ret. Fund,* 121 S.W.3d 415, 430 (Tex.App.-Houston [1st Dist.] 2003, no pet.); *see also City of Houston v. Williams,* 99 S.W.3d 709, 717 (Tex.App.-Houston [14th Dist.] 2003, no pet.) ("Hearing examiners wield the undoubted authority to interpret the relevant statutory provisions and to make a decision in that regard."). Section 143.057(j) only provides for a review of whether the hearing examiner exceeded or was without jurisdiction, or whether the decision was produced by some unlawful means. *See* Tex. Loc. Gov't Code Ann. § 143.057(j). Asserting that a decision made by the hearing examiner is incorrect is not the same as asserting that the examiner did not have jurisdiction.

Here, Pagnano applied the rule from section 143.1015(k), applicable only to certain commission appeals, to Smith's case, and found that Chief Massey, the author of the notice of suspension, was required to submit the written statement and charges to Pagnano at the hearing. *See* Tex. Loc. Gov't Code Ann. § 143.1015(k) ("The director may not send the hearing examiner the department head's original written statement. The department head shall submit the written statement and charges to the hearing examiner at the hearing."). Although Pagnano erred in applying section 143.1015(k), he had the authority to

interpret and apply the statutory provisions and rules adopted by the Legislature. *See City of Garland,* 97 S.W.3d at 608; *Lindsey,* 980 S.W.2d at 236.

The City's allegation that Pagnano misapplied the law in reaching his decision does not challenge the hearing examiner's jurisdiction and, thus, does not meet the requirements of section 143.057(j). Accordingly, we hold that the district court did not have jurisdiction to hear the City's appeal under section 143.057(j) of the Texas Local Government Code.[6]

## Declaratory Judgment

The City also argues that because the district court "had jurisdiction over the underlying controversy under section 143.057(j), [it] also has jurisdiction over the City's request for declaratory judgment." *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.001 (Vernon 1997). It asserts that "there can be no doubt that a district court has jurisdiction over an appeal from the unlawful action of the independent hearing examiner."

The Uniform Declaratory Judgments Act ("DJA") is a remedial statute designed to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and it is to be liberally construed and administered. Tex. Civ. Prac. & Rem.Code Ann. § 37.002(b) (Vernon 1997). It allows courts to declare relief whether or not further relief is or could be claimed. *Id.* § 37.003(a) (Vernon 1997). Such a declaration may be either affirmative or negative in form and effect and has the "force and effect of a final judgment or decree." *Id.* § 37.003(b). The DJA provides:

---

6. Having held that the district court did not have jurisdiction to hear the City's appeal of the hearing examiner's decision, we need not address whether the City timely filed its appeal in the district court.

A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

*Id.* § 37.004(a) (Vernon 1997).

 Whether a court has subject matter jurisdiction to hear an action for declaratory judgment depends upon whether the underlying controversy falls within the constitutional and statutory jurisdiction of that court. *See City of San Antonio v. United Gas Pipe Line Co.*, 354 S.W.2d 217, 222 (Tex.Civ.App.-Austin 1962, no writ). A district court's jurisdiction "consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred . . . on some other court, tribunal, or administrative body." TEX. CONST. art. V, § 8. Thus, these courts of general jurisdiction will generally have subject matter jurisdiction over a dispute absent a showing to the contrary. *In re Entergy Corp.*, 142 S.W.3d at 322; *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex.2000).

In support of its argument that a district court, pursuant to the DJA, has "jurisdiction over an appeal from the unlawful action of the independent hearing examiner," the City relies on *Nuchia v. Woodruff,* 956 S.W.2d 612 (Tex.App.-Houston [14th Dist.] 1997, writ denied).

In *Woodruff,* the City of Houston brought an appeal in a district court under section 143.1016(j) of the Texas Local Government Code [7] complaining that a hearing examiner exceeded his statutorily conferred jurisdiction when he modified the recommendation of a department head. *Id.* at 615. The City of Houston disputed the hearing examiner's authority under the statute to do anything other than grant or deny the department head's recommendation. *Id.* In the alternative, the City of Houston requested a declaratory judgment that the hearing examiner exceeded his jurisdiction. *Id.* The district court ruled that the City had no statutory authority to appeal an administrative ruling of an independent hearing examiner, and concluded that it had no jurisdiction to hear the case. *Id.* The Fourteenth Court of Appeals reversed, finding that the City of Houston had "the right to judicial review under the [DJA] to determine if the hearing examiner in fact exceeded his authority." [8] *Id.* at 616. It explained that, although courts generally do not interfere in the statutorily conferred duties and functions of an administrative agency, "courts can intervene in administrative proceedings when an agency is exercising authority beyond its statutorily conferred powers." *Id.* (citing *Nueces County v. Nueces County Civil Serv. Comm'n,* 909 S.W.2d 597, 598 (Tex. App.-Corpus Christi 1995, no writ)).

*Woodruff* is substantively distinguishable from the instant case. Here, again, the City has alleged that the hearing examiner exceeded his jurisdiction "by ap-

---

**7.** As noted, the pertinent language of section 143.1016(j) is identical to the pertinent language of section 143.057(j), but it applies only to those municipalities with a population greater than 1.5 million. *See* TEX. LOC. GOV'T CODE ANN. § 143.1016(j).

**8.** In so finding, the court declined to address the propriety of the City's suit as an appeal under section 143.1016(j) of the Texas Local Government Code. *Woodruff,* 956 S.W.2d at 618.

plying an unquestionably inapplicable statutory provision and by failing to apply applicable statutory provisions," i.e., the hearing examiner erred in misapplying the law. In *Woodruff*, the precise question before the court was whether the hearing examiner could modify a recommended demotion. 956 S.W.2d at 616. Because the issue presented in *Woodruff* was whether or not the hearing examiner "exceeded his statutorily conferred jurisdiction," the court held that the district court had subject matter jurisdiction to determine the issue under the DJA. *Id.*

■ Because section 143.057(j) defines the class of cases that a district court can hear, its requirements are jurisdictional. *See Helton v. R.R. Comm'n of Tex.*, 126 S.W.3d 111, 118 (Tex.App.-Houston [1st Dist.] 2003, no pet.) (If a statutory requirement "defines, enlarges, or restricts the class of cause [a] court may decide or the relief [a] court may award, the requirement is jurisdictional"). Although the DJA authorizes a district court to award a remedy not otherwise available at common law, it "does not itself create jurisdiction in the district court to review an agency action not otherwise reviewable." *Tex. Comm'n of Licensing and Regulation v. Model Search Am., Inc.*, 953 S.W.2d 289, 291 (Tex.App.-Austin 1997, no writ.).

Section 143.057(j) expressly limits judicial review of a hearing examiner's award to situations in which the hearing examiner "was without jurisdiction or exceeded its jurisdiction [or its] order was procured by fraud, collusion, or other unlawful means." TEX. LOC. GOV'T CODE ANN. § 143.057(j). Here, the City is not seeking an interpretation of a statute and a determination of its rights under that statute as contemplated under the DJA. Rather, it is attempting to appeal a hearing examiner's award based on a misapplication of law. This it cannot do. *Tex. Natural Res.*

*Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002) ("The DJA does not extend a trial court's jurisdiction, and a litigant's request for declaratory relief does not confer jurisdiction on a court or change a suit's underlying nature."). Accordingly, we hold that the district court did not have jurisdiction to hear the City's appeal under the DJA.

We overrule appellant's sole issue.

## Conclusion

We hold that the district court did not err in granting Smith's plea to the jurisdiction and we affirm the order of the district court.