**Order filed July 7, 2016.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-15-00376-CV

_____

**MANUEL AL FRIAS, Appellant**

**V.**

**SOVRAN HHF STORAGE HOLDINGS, LLC, Appellee**

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1031244**

# O R D E R

The trial court granted a partial summary judgment to appellee on all of appellant's non-contract claims in June 2014. Appellant filed a motion for new trial assailing the summary judgment in October 2014. Appellant nonsuited his contract claim, and the trial court found that appellant had no independent claim under the Self-Service Storage Facility Lien Act in December 2014. The trial court dismissed appellee's counterclaims by an order signed January 20, 2015. Thus, it appears the trial court's January 20, 2015 order disposed of the remaining claims in this case and was, therefore, the final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200, 204 (Tex. 2001).

A prematurely filed motion for new trial that assails the subsequent judgment extends the appellate timetable. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 562 (Tex. 2005). Appellant's October 2014 motion for new trial assails the January 20, 2015 judgment because the motion complains of error brought forward in the subsequent judgment. *See id.*; *see also Nuchia v. Woodruff*, 956 S.W.2d 612, 614 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) (holding that a motion for new trial attacking an interlocutory summary judgment ultimately assailed the final judgment signed six months later because the complaints made in the motion "applied equally" to the subsequent judgment, and the subsequent judgment simply disposed of the defendant's counterclaims).

Accordingly, the deadline for filing a notice of appeal was April 20, 2015. *See* Tex. R. App. P. 26.1(a)(1); *Wilkins*, 160 S.W.3d at 562. Appellant filed his notice of appeal on April 23, 2015, a date within 15 days of the due date for the notice of appeal. A motion for extension of time is necessarily implied when the perfecting instrument is filed within 15 days of its due date. *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex. 1997).

But appellant did not file a motion to extend time to file the notice of appeal. While an extension may be implied, appellant is still obligated to come forward with a reasonable explanation to support the late filing. *See Miller v. Greenpark Surgery Center Assocs., Ltd.*, 974 S.W.2d 805, 808 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

Accordingly, we **ORDER** appellant to file a proper motion to extend time to file the notice of appeal on or before **10 days** after the date of this order. *See* Tex. R. App. P. 10.5(b); Tex. R. App. P. 26.3. If appellant does not comply with this order, we will dismiss the appeal. *See* Tex. R. App. P. 42.3.


PER CURIAM