ACCEPTED
03-14-00693-CV
3668489
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/6/2015 3:12:32 PM
JEFFREY D. KYLE
CLERK

**No. 03-14-00693-CV**

In the Third Court of Appeals
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

1/6/2015 3:12:32 PM

JEFFREY D. KYLE
Clerk

**CITY OF NEW BRAUNFELS, TEXAS, JAN KOTYLO,** in her official capacity**, PAT CLIFTON,** in his official capacity**, and FRITZ WELSCH,** in his official capacity

*Appellants,*

v.

**JOSEPH TOVAR,**

*Appellee.*

APPEAL FROM CAUSE NO. C2014-0928A
433RD JUDICIAL DISTRICT COURT OF COMAL COUNTY, TEXAS
HONORABLE DIB WALDRIP, PRESIDING

**BRIEF OF APPELLEE JOSEPH TOVAR**

**Chad R. Hyde**
State Bar No. 24046130
Texas Municipal Police Association
6200 La Calma Drive, Ste. 200
Austin, Texas 78752
(512) 454-8900 (Telephone)
(512) 454-8860 (Facsimile)
chad.hyde@tmpa.org

**Randal C. Doubrava**
State Bar No. 06029900
Texas Municipal Police Association
6200 La Calma Drive, Ste. 200
Austin, Texas 78752
(512) 454-8900 (Telephone)
(512) 454-8860 (Facsimile)
randy.doubrava@tmpa.org

ATTORNEYS FOR APPELLEE
JOSEPH TOVAR

i

# IDENTITY OF PARTIES AND COUNSEL

**Appellants/Defendants:**   The City of New Braunfels, Texas, Jan Kotylo, in her official capacity, Pat Clifton, in his official capacity, and Fritz Welsch, in his official capacity.

**Trial Counsel and Appellate Counsel for Appellants:**

Bettye Lynn
State Bar No. 11540500
Lynn, Ross & Gannaway, LLP
306 West Broadway Avenue
Fort Worth, Texas 76104
(817) 332-8505 (Telephone)
(817) 332-8548 (Facsimile)

Valeria M. Acevedo
State Bar No.  00798020
City of New Braunfels, Texas
424 South Castell Avenue
New Braunfels, Texas 78130
(830) 221-4281 (Telephone)
(830) 626-5578 (Facsimile)

**Appellee/Plaintiff:**        Joseph Tovar

Chad R. Hyde
State Bar No. 24046130
Texas Municipal Police Association
6200 La Calma Drive, Ste. 200
Austin, Texas  78752
(512) 454-8900 (Telephone)
(512) 454-8860 (Facsimile)

Randal C. Doubrava
State Bar No. 06029900
Texas Municipal Police Association
6200 La Calma Drive, Ste. 200
Austin, Texas 78752
(512) 454-8900 (Telephone)
(512) 454-8860 (Facsimile)

# TABLE OF CONTENTS

IDENTITY OF PATRIES AND COUNSEL……………………………………………i

TABLE OF CONTENTS……………………………………………………….ii

INDEX OF AUTHORITIES……………………………………………………..v

STATE STATUTES AND RULES………………………………………………viii

STATEMENT OF THE CASE……………………………………………………1

STATEMENT REGARDING ORAL ARGUMENT………………………………...3

ISSUES PRESENTED………………………………………………………..4

STATEMENT OF FACTS…………………………………………………………5

SUMMARY OF THE ARGUMENT………………………………………………...7

ARGUMENT AND AUTHORITIES…………………………………………………...9

I.    The Court of Appeals reviews a plea to the jurisdiction under a de novo
      standard, construing the pleadings in favor of the pleader…………………..9

II.   The Appellants did not have jurisdiction or the discretion to withhold
      seniority points from Corporal Tovar's grade on the written examination
      and deny his placement on the promotion eligibility list……………...…11

      A.    Chapter 143 clearly dictates that seniority points are added to
            police officer applicant's grade on the written examination to
            determine if police officer has a passing score of 70……..................11

      B.    The Legislature's intent distinguishes the criteria for
            the addition of seniority points for police officers
            and fire fighters………………………………………………..…14

C.     The court's analysis regarding the application of seniority points in *City of Lubbock v. Knox* has been rendered ineffective by the 2005 amendment to TEX. LOC. GOV'T CODE §143.033...........17

III.    The New Braunfels Civil Service Commission is not a necessary party in order to invoke the court's jurisdiction (Response to Appellants' Argument I)..................................................18

    A.     The Proper parties are before this Court..............................18

    B.     The Commission is not a legal entity that can be sue and be sued................................................................22

    C.     Chapter 143 does not mandate the commission the commission be named as a party...............................................23

IV.    Corporal Tovar has standing (Response to Appellants' Argument II).......................................24

    A.     A justiciable case in controversy exists.............................25

V.    Sovereign Immunity does not bar claims for declaratory or injunctive relief (Response to Appellants' Argument III)......................................27

    A.     Corporal Tovar is entitled to prospective injunctive remedies.........28

    B.     A writ of mandamus may be issued to compel Appellants to perform a purely ministerial act (Response to Appellants' Argument IV)................................28

    C.     Corporal Tovar is entitled to injunctive relief (Response to Appellants' Argument V)................................30

CONCLUSION AND PRAYER.................................................32

CERTIFICATE OF COMPLIANCE.............................................33

CERTIFICATE OF SERVICE..................................................34

APPENDICES

A.   Trial Court's Order on Defendants' Plea to the Jurisdiction,
     dated October 23, 2014 (CR 262-268)

B.   Texas Local Government Code Section 143.033

C.   Texas Civil Service Reporter, By Bettye Lynn, Release No. 43, October
     2014, Section 143.033 Promotional Examination Grades

# INDEX OF AUTHORITIES

*Anderson v. City of Seven Points*,
806 S.W.2d 791 (Tex. 1991)…………………………………………………..29

*Bland Indep. Sch. Dist. v. Blue*,
34 S.W.3d 547 (Tex. 2000)…………………………………………………9

*Bonham State Bank v. Beadle*,
907 S.W.2d 465 (Tex. 1995)………………………………………………..24

*Bracey v. City of Killeen*,
417 S.W.3d 94 (Tex. App.-Austin 2013, no pet.)………………………11, 14

*Brooks v. Northglen Ass'n.*,
141 S.W.3d 158 (Tex. 2004)………………………………………………..22

*City of Amarillo v. Hancock*,
150 Tex. 231, 239 S.W.2d 788, 790 (Tex. 1951)……………………………25

*City of El Paso v. Heinrich*,
284 S.W.3d 366 (Tex. 2009)…………………………………………21, 28

*City of Elsa v. Gonzalez*,
325 S.W.3d 622 (Tex. 2010)…………………………………………………9

*City of Houston v. Meister*,
882 S.W.2d 29 (Tex. App. – Houston [14th Dist.] 1994, *writ denied*)……...29

*City of Lubbock v. Knox*,
736 S.W.2d 888 (Tex. App.-Amarillo 1987, writ denied)………………17, 18

*City of Round Rock v. Whiteaker*,
241 S.W.3d 609 (Tex.App. – Austin 2007, *pet. denied*)………25, 26, 28, 31

*Cobb v. Harrington*,
190 S.W.2d 709, 713 (Tex. 1945)…………………………………………24

*Connor v. Klevenhagen*,
    726 S.W.2d 205
        (Tex.App.-Houston [14th Dist.] 1987, writ re'd n.re.)……………………..23

*County of Cameron v. Brown*,
    80 S.W.3d 549 (Tex. 2002)………………………………………………………9

*Democracy Coalition v. City of Austin*,
    141 S.W.3d 282 (Tex. App. - Austin 2004, no pet.)…………………………30

*Federal Sign v. Texas Southern University*,
    951 S.W.2d 401 (Tex. 1997)…………………………………………………..21

*Frey v. DeCordova Bend Estates Owners Ass'n.*,
    632 S.W.2d 877
    (Tex. App. - Fort Worth 1982), *aff'd*. 647 S.W.2d 246 (Tex. 1983)………..30

*Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*,
    283 S.W.3d 838 (Tex. 2009)…………………………………………………..22

*John Paul Mitchell Systems v. Randall's Food Markets, Inc.*,
    17 S.W.3d 721 (Tex. App. - Austin 2000, pet. denied)………………………30

*Kentucky v. Graham*,
    473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)…………………24

*Labrado v. County of El Paso*,
    132 S.W.3d 581 (Tex. App. – El Paso 2004, no pet.)…………………………28

*Lacy v. State Banking Board*,
    118 Tex. 91, 11 S.W.2d 496 (Tex. 1928)……………………………………18

*Lowell v. City of Baytown*,
    264 S.W.3d 31 (Tex. App. – Houston [1st Dist.] 2007, pet. filed)…………28

*Mining v. Hays Co. Bail Bond Board*,
    No. 03-05-00448-CV,
    Slip op. at 5 (Tex.App.-Austin 2006) (memorandum opin.)………………22

*Parrish v. Phillips,*
401 S.W.2d 347
(Tex. Civ. App. – Houston [1st Dist.] 1996, writ ref'd n.r.e.)………………20

*Perez v. City of Laredo,*
21 S.W.3d 371 (Tex. App. - San Antonio 2000)………………………18, 19

*Perez v. City of Laredo*,
82 S.W.3d 605, (Tex. App. - San Antonio 2002)…………………….…19

*San Antonio Conserv. Soc., Inc. v. City of San Antonio*,
455 S.W.2d 743 (Tex. 1970)………………………………………………..18

*State v. School Trustees of Shelby County*,
150 Tex. 238, 239 S.W.2d 777, 781 (Tex. 1951)……………………………18

*Tex. A&M Univ. Sys. v. Koseoglu*,
233 S.W.3d 835, 844 (Tex. 2007)…………………………………………..24

*Tex. Dep't of Parks & Wildlife v. Miranda*,
133 S.W.3d 217 (Tex. 2004)………………………………………..9, 10

*Texas Natural Res. Conservation Comm'n v. IT–Davy,*
74 S.W.3d 849 (Tex. 2002)…………………………………………………21

vii

# STATE STATUTES AND RULES

TEX. CIV. PRAC. & REM. CODE § 37.003…………………………………………………24

TEX. LOC. GOV'T CODE § 143.006……………………………………………………….22

TEX. LOC. GOV'T CODE § 143.007……………………………………………………….22

TEX. LOC. GOV'T CODE § 143.012……………………………………………………….22

TEX. LOC. GOV'T CODE § 143.015……………………………………………22, 24, 30

TEX. LOC. GOV'T CODE § 143.028……………………………………………………….19

TEX. LOC. GOV'T CODE §143.033……..5, 7, 10, 11, 14, 16-18, 20, 21, 26, 28, 29, 32

TEX. LOC. GOV'T CODE §143.035………………………………………………………..12

TEX. LOC. GOV'T CODE §143.036……………………………………………………27, 31

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellee Corporal Joseph Tovar ("Corporal Tovar") files this brief requesting that the district court's order denying the Appellant's Plea to the Jurisdiction is affirmed. Corporal Tovar respectfully shows:

**STATEMENT OF THE CASE**

Corporal Tovar is a police officer employed by the City of New Braunfels, Texas. The City of New Braunfels has adopted civil service under Chapter 143 of the Local Government Code. Corporal Tovar took the required written examination to be placed on the list for promotion to Sergeant as required under Chapter 143. The Appellants refused to add seniority points to Corporal Tovar's grade on the written examination for placement on the eligibility list in violation of civil service laws. Each police officer applicant is entitled to add one point for each year of service in the police department to their grade on the written examination, with a maximum of 10 points. Corporal Tovar has been a member of the New Braunfels Police Department for over thirteen (13) years. Corporal Tovar's final grade on the examination is 74 points computed by adding his grade on the written examination of 64 points with his 10 points for seniority. A grade of at least 70 points is considered a passing score.

Corporal Tovar brought this suit contending that Appellants failed to comply with their statutory obligations. Appellants asserted that the district court did not

1

have jurisdiction because: the Appellants acted within its jurisdiction to deny the application of seniority appoints to Corporal Tovar's test score; Corporal Tovar lacks standing; the New Braunfels Civil Service Commission is a necessary and indispensable party to the suit and the failure to name the Commission as a defendant created an incurable defect; the suit is barred by governmental and sovereign immunity; mandamus and injunctive relief is precluded by the statutory remedies; and Corporal Tovar's interpretation of the relevant statue is wrong.

The district court denied Appellants' plea to the jurisdiction.

## STATEMENT REGARDING ORAL ARGUMENT

The Appellee submits that oral argument is not necessary in this case because the facts and issues in this case are clear. Oral argument would not significantly aid this Court in determining the legal issues presented herein.

# ISSUES PRESENTED

1.    Did the Appellants have jurisdiction or the discretion to withhold seniority points from Corporal Tovar's grade on the written examination and deny his placement on the promotion eligibility list?

2.    Is the New Braunfels Civil Service Commission a necessary party in order to invoke the court's jurisdiction?

3.    Does Appellee Joseph Tovar have standing?

4.    Does Sovereign Immunity bar claims for declaratory or injunctive relief?

5.    Is mandamus appropriate relief to compel Appellants to perform a purely ministerial act?

6.    Is Appellee Joseph Tovar entitled to injunctive relief?

# STATEMENT OF FACTS

Corporal Tovar is a police Corporal employed by the City of New Braunfels, Texas. He has continually served in that capacity for over thirteen (13) years. CR 9. The City of New Braunfels is a "Civil Service City" and is covered by Chapter 143 of the Texas Local Government Code. Corporal Tovar was entitled to all privileges and benefits afforded to a Civil Service employee at all times relevant to this case. CR 9. Appellants' Kotylo, Clifton, and Welsch are the members of the New Braunfels Civil Service Commission. On May 20, 2014 Corporal Tovar took the required written examination for promotion to Sergeant, and received a score of 64 points on the examination. CR 20. Under Tex. Loc. Gov't Code §143.033(b) each "police Corporal is entitled to receive one point for each year of seniority as a classified police Corporal in that department, with a maximum of 10 points."

Police officer applicants with a grade of 70 points or above are required to be placed on a promotion list pursuant to Tex. Loc. Gov't Code §143.033(c). When he was not placed on the promotion list, Corporal Tovar filed a grievance with the New Braunfels Civil Service Commission requesting his seniority points be added to his written test score. CR 20.

On July 9, 2014, City of New Braunfels Civil Service Commission members Jan Kotylo, Pat Clifton, and Fritz Welch held a meeting at the City Hall Council Chambers in New Braunfels, Texas to discuss among other items results of the

5

promotion exam. CR 23. During open session of the meeting the commission discussed Corporal Tovar's grievance. CR 107. The commission retired to executive session to meet with City Attorneys, and then voted in open session to deny Corporal Tovar's grievance. CR 107.

Corporal Tovar then filed this lawsuit in the district court seeking in part a declaratory judgment that the Defendants did not comply with Local Government Code Chapter 143, a writ of mandamus, and injunctive relief. CR 7.

## SUMMARY OF THE ARGUMENT

Chapter 143 of the Local Government Code, known as the Fire Fighter and Police Officer Civil Service Act (the "CSA"), provides certain procedures for how police officers' promotional examination grades for placement on the promotional eligibility list shall be computed. Pursuant to Section 143.033 of the CSA each police officer applicant is entitled to add one point for each year of service in the police department to their grade on the written examination, with a maximum of 10 points. The CSA makes a clear distinction between firefighters and police officers as to when seniority points shall be applied to their respective scores. Firefighters are required to score 70 points on the written examination before eligibility points can be added to their score. Police officers are not required to score 70 points on the written examination before seniority points are added to their score.

The Appellants contend they acted within their jurisdiction to deny the application of 10 seniority points to Corporal Tovar's written examination because he did not score 70 points on the written examination. Contrary to Appellants argument, the application of seniority points is not discretionary. Commissioners Kotylo, Clifton, and Welsch had a ministerial duty to apply seniority points to Corporal Tovar's written examination and place him on the eligibility list for promotion as statutorily required by section 143.033. Tovar's declaratory claims seeking compliance with Section 143.033 falls within the *ultra vires* exception to

sovereign immunity. A claim under the *ultra vieres* exception must be brought against the state actors in their official capacity therefore the proper parties are before this Court.

The Appellants further contend that Corporal Tovar lacks standing because he has no justiciable interest in holding a Sergeant's position, or a right to be placed on the promotional list because there was no vacancies in the Sergeant classification at the time the promotional examination was scheduled, given and scored or when the lawsuit was filed. Corporal Tovar is not arguing that he should be promoted to Sergeant. Corporal Tovar is merely requesting that his seniority points are added to his written test grade and his name is placed on the eligibility list for promotion as mandated by statute. Placement on the eligibility list, in and of itself, is a legislatively-created justiciable interest regardless of the presence or absence of a vacancy.

Appellants also contend that they are protected from suit because they have not waived sovereign immunity in this case. Corporal Tovar is not seeking money damages. Governmental immunity does not bar claims for declaratory and injunctive relief, even when joined with a money damages claim barred by immunity.

**ARGUMENT AND AUTHORITIES**

**I.     The Court of Appeals reviews a plea to the jurisdiction under a de novo standard, construing the pleadings in favor of the pleader.**

A plea to the jurisdiction is a dilatory plea, and its purpose is to "defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the pleaded cause of action. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

Whether a court has jurisdiction is a question of law that is reviewed *de novo*. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When reviewing a trial court's ruling on a challenge to its jurisdiction, the court of appeals considers the plaintiff's pleadings and factual assertions, as well as any evidence in the record that is relevant to the jurisdictional issue. *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010). When considering the pleadings, the reviewing court construes them liberally in favor of the plaintiff, looks to the pleader's intent, and determines if the pleader has alleged facts affirmatively demonstrating the court's jurisdiction. *Miranda*, 133 S.W.3d at 226.

Chapter 143 of the Texas Local Government Code establishes jurisdiction for a district court to hear an officer's appeal of any commission decision. Pursuant to TEX. LOC. GOV'T CODE § 143.015(a) "[i]f a fire fighter or police officer is dissatisfied

with any commission decision, the fire fighter or police officer may file a petition in district court asking that the decision be set aside."

Corporal Tovar asserted a claim for declaratory judgment requesting the court to order Appellants to comply with Section 143.033 of the Texas Local Government Code. CR 15. Furthermore, "the district court may grant the appropriate legal or equitable relief necessary to carry out the purpose of this chapter." TEX. LOC. GOV'T CODE § 143.015(b).

In the present case, the decision on the plea to the jurisdiction also decides the merits of this case. In their Plea to the Jurisdiction, Appellants claim that they acted within its jurisdiction to deny the application of seniority appoints to Corporal Tovar's test score and that Corporal Tovar's interpretation of Chapter 143 is wrong. CR 80-82, 90-95. "[I]n a case in which the jurisdictional challenge implicates the merits of the [Appellee's] cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists." *Miranda*, at 227. Appellants concede that there are no genuine issues of material fact in this case. CR 180. Therefore, if the Court decides that it has jurisdiction, and finds that the Appellants failed to comply with the promotion examination grading provisions under Tex. Loc. Govt. Code. §143.033, the declaratory relief sought by Corporal Tovar must also be granted. As such, the

Appellee will first address the merits of the case as they are inherently intertwined with Appellants plea to the jurisdiction.

**II.    The Appellants did not have jurisdiction or the discretion to withhold seniority points from Corporal Tovar's grade on the written examination and deny his placement on the promotion eligibility list.**

  **A.    Chapter 143 clearly dictates that seniority points are added to police officer applicant's grade on the written examination to determine if police officer has a passing score of 70.**

The controversy in this case involves a disagreement on the application of statutory language for adding seniority points to a police officer's written test grade for inclusion on the eligibility list for promotion. In cases involving a question of statutory construction the primary objective of the court should be to give effect to the Legislature's intent. *Bracey v. City of Killeen*, 417 S.W.3d 94, 103 (Tex. App.-Austin 2013, no pet.). In *Bracey*, this Court, citing to numerous cases, outlined the court's responsibility when analyzing the Legislature's intent:

> We seek that intent "first and foremost" in the statutory text. We are to consider the statute as a whole, interpreting it to give effect to every part. The words cannot be examined in isolation, but must be informed by the context in which they are used. We assume that when enacting a statute, the Legislature was aware of the background law and acted with reference to it. "Where text is clear, text is determinative" of legislative intent. We give such statutes their plain meaning without resort to rules of construction or extrinsic aids. Only when statutory text is susceptible to more than one reasonable interpretation is it appropriate to look beyond its language for assistance in determining legislative intent.

The statutory text of Tex. Loc. Gov't Code § 143.033 clearly provides that seniority points should be added to a police officer's grade on the written

11

examination for promotion to determine if his/her name should be placed on the promotional eligibility list.

First, the statute provides that the grade for police officers is computed by adding seniority points to the grade on the written examination and for fire fighters the seniority points are added only if the fire fighter receives 70 points on the written examination. The statutory text under subpart (c) states: "Unless a different procedure is adopted under an alternate promotional system as provided by Section 143.035, the *grade* that must be placed on the eligibility list for each police officer or fire fighter shall be computed by adding the applicant's points for seniority to the applicant's *grade on the written examination*, *but for a fire fighter applicant only if the applicant scores a passing grade on the written examination*." App. B; (emphasis added) The statute further defines a passing grade and again makes a clear distinction between police officers and fire fighters. The statutory text states: "In a municipality with a population of less than 1.5 million, all *police officer applicants who receive a grade of at least 70 points* shall be determined to have passed the examination *and all fire fighter applicants who receive a grade on the written examination of a least 70 points shall be determined to have passed the examination.*" *Id.* (emphasis added)

In determining the Legislature's intent of the statute in its entirety, the court must consider the use of the word "grade" in the context in which it is used. Specifically, the Legislature makes a distinction between "grade" and "grade on the

12

written examination". Under subpart (b) each "police officer is entitled to receive one point for each year of seniority as a classified police officer in that department, with a maximum of 10 points." *Id*. It is undisputed that Tovar is a police officer and is entitled to 10 seniority points based on his thirteen years of service with the New Braunfels Police Department. CR 9. Officer Tovar's *grade* of 74 points meets the criteria of a passing score for police officers under the plain meaning of the statute. Only fire fighters are required to receive a *grade on the written examination* of at least 70 points.

Despite the clear meaning of the statute, the Appellants "adamantly assert that the Commission acted within its authority when it denied Plaintiff's grievance." CR 82. The only persuasive authority on the subject found by Appellee is the *Texas Civil Service Reporter ("Reporter")*, published by the Appellants' counsel Bettye Lynn. App. C. In the October 2014 issue, Ms. Lynn provides that "a promotional applicant in a city of less than 1.5 million is to be placed on an eligibility list if the combination of that applicant's written examination score with up to ten seniority points equals a total score of at least seventy. Thus, it is possible to achieve a perfect score of 110." App. C, pg. 6. However, in this case Appellants argue that a police officer must have a grade on the written examination of at least seventy points before seniority points are added. CR 82. The Appellants further argue that it would be

13

impossible to score higher than a 100, contradicting the analysis provided in the *Reporter*. CR 92.

>**B.** **The Legislature's intent distinguishes the criteria for the addition of seniority points for police officers and fire fighters.**

Should the Court determine it is necessary to look beyond the plain meaning of the statutory text in determining the Legislative intent, the Court must "assume that when enacting a statute, the Legislature was aware of the background law and acted with reference to it." *Bracey*, at 103. Effective September 1, 2005, the Legislature adopted several amendments to the text of TEX. LOC. GOV'T CODE § 143.033 relevant to the controversy in this case. The 2005 relevant amendments are as follows, with the additions made to the statute indicated with an underline and deletions by a strikethrough:

> (c) Unless a different procedure is adopted under an alternate promotional system as provided by Section 143.035, the grade that must be placed on the eligibility list for each police officer or fire fighter shall be computed by adding the applicant's points for seniority to the applicant's grade on the written examination, **but for a fire fighter applicant only if the applicant scores a passing grade on the written examination.** Each applicant's grade on the written examination is based on a maximum grade of 100 points and is determined entirely by the correctness of the applicant's answers to the questions. The passing **grade** ~~score~~ in a municipality with a population of 1.5 million or more is prescribed by Section 143.108. In a municipality with a population of less than 1.5 million, all **police officer** applicants who receive a grade of at least 70 points shall be determined to have passed the examination **and all fire fighter applicants who receive a grade on the written examination of at least 70 points shall be determined to have passed the examination.** If a tie score occurs, the commission shall determine a method to break the tie.

CR 38.

It's clear from the precise wording that was added to the statute the Legislature's intent was to distinguish the criteria for the addition of seniority points for police officers and fire fighters. As discussed above, the first sentence under subpart (c) describes how the grade shall be calculated for police officers and fire fighters. The 2005 additional language, "but for a fire fighter applicant only if the applicant scores a passing grade on the written examination", is unmistakably only applicable to fire fighters. The Legislature further distinguished the two professions later in the second to last sentence in subpart (c) by altering the definition of a passing grade for each profession. First, the Legislature added "police officer" before the word "applicants" in the first half of the sentence narrowing the definition from all applicants to only police officers. Second, the Legislature created different criteria for fire fighters with the additional language "and all fire fighter applicants who receive a grade on the written examination of at least 70 points shall be determined to have passed the examination." The additional language shows the intent to create a threshold for fire fighters on their "grade on the written examination", but not for police officer applicants.

According to the legislative history for the 2005 Legislative session early versions of the proposed amendments did not distinguish police officers and fire fighters, but instead applied to all "applicants". For example, the March 29, 2005

15

Texas Bill Analysis for Senate Bill 1050 states in relevant part "SECTION 1. Amends version 143.033(c), Local Government Code, to require the grade that must be placed on the eligibility list for each police officer or fire fighter…to be computed by adding the *applicant's* points for seniority to the *applicant's* grade on the written examination, but only if the *applicant* scored a passing grade on the written examination." CR 43 (emphasis added). However, The Conference Committee Report Summary for S.B. 1050 is evidence regarding the Legislature's final intent regarding amendments. The report provides a summary between the differences in early Senate and House versions of the proposed amendments. According to the report, the Senate bill, which was not adopted, "clarifies that seniority points are awarded only if a fire fighter or police officer scores a passing grade of 70 or above on the written examination." CR 56. However, "The House Committee Substitute for S.B. 1050 *removed police officers* from coverage under this legislation." CR 56 (emphasis added). The final Texas Bill Analysis for Senate Bill 1050 states "The bill amends Section 143.033(c), Local Government Code, to clarify that seniority points are awarded only if a *fire fighter* scores a passing grade of 70 or above on the written examination." CR 41 (emphasis added).

As discussed above, the final version of S.B. 1050 that was approved by the Legislature is significantly different from the earlier proposed versions. If the Legislature intended for police officer applicants to have a grade of 70 points on the

16

written examination before seniority points are awarded, the Legislature would have approved earlier versions of the bill that included language for "all applicants" or specifically included "police officers" in the amended language.

**C. The court's analysis regarding the application of seniority points in *City of Lubbock v. Knox* has been rendered ineffective by the 2005 amendment to TEX. LOC. GOV'T CODE §143.033.**

The Appellants contend that case law supports their position regarding the interpretation of TEX. LOC. GOV'T CODE §143.033 relying on *City of Lubbock v. Knox*, 736 S.W.2d 888 (Tex. App.-Amarillo 1987). In *Knox*, the court held that an amendment to Tex. Civ.St. art. 1269m, § 14(D)(2), the predecessor to TEX. LOC. GOV'T CODE §143.033, required a passing grade on promotional examination to be scored before a police officer applicant was entitled to have his grade placed on the eligibility list and seniority points added to his examination grade. *Id.* at 891. However, the court's analysis of art. 1269m, § 14(D)(2) has been rendered ineffective by the 2005 amendment to the statute providing that only fire fighter applicants are required to receive a passing grade on the written examination before seniority points are added to their grade. Prior to the 2005 amendment the statute did not contain the language discussed above, and did not prescribe different qualifications for the eligibility list for police officers and fire fighters. However, it is apparent that the Legislature in 2005 saw fit to spell out precisely the different grading requirements for police officers and fire fighters. "It is an elemental rule of

construction that by amending a statute, the Legislature intended to add to or change the existing law, and that effect must be given to the amendments." *Knox*, at 892; *San Antonio Conserv. Soc., Inc. v. City of San Antonio*, 455 S.W.2d 743, 746 (Tex. 1970). The presumption is that the Legislature had a definite purpose in amending Section 143.033 in 2005 to distinguish police officers and fire fighters. *Knox*, at 893; *Lacy v. State Banking Board*, 118 Tex. 91, 11 S.W.2d 496, 503 (Tex. 1928). If the Court does not presume the Legislature had a definite purpose, then the Legislature engaged in a futile action. *Knox*; *State v. School Trustees of Shelby County*, 150 Tex. 238, 239 S.W.2d 777, 781 (Tex. 1951). Clearly the Legislature did not engage in a futile action during the 2005 session.

## III. The New Braunfels Civil Service Commission is not a necessary party in order to invoke the court's jurisdiction (Response to Appellants' Argument I).

The Appellants contend that Corporal Tovar's claim for declaratory judgment is improper because he failed to name the New Braunfels Civil Service Commission ("the Commission") as a party. Brief of Appellants, pg. 10.

### A. The Proper parties are before this Court.

Appellants' argument that the Civil Service Commission is a necessary party is unsupported by any authority. First, the district court has jurisdiction to hear an appeal from a commission decision regarding promotion eligibility. *See Perez v. City of Laredo,* 21 S.W.3d 371, 373 (Tex. App. - San Antonio 2000); *Knox*, at 890-91.

18

The individual commission members are the appropriate parties in this case, as they were in *Perez*. In *Perez*, a City of Laredo police officer filed suit in district court challenging the civil service commission's decision to remove his name from the eligibility list for promotion to captain because he held the rank of Lieutenant and Assistant Chief prior to the examination. *Id*., at 372. The city, Chief of Police, and the individual civil service commission members were named as defendants in this case.[1] *Id*. At issue in this case was the application of the two year service requirement in the next lower position immediately prior to the promotional examination under TEX. LOC. GOV'T CODE § 143.028. *Id*. On the initial appeal, the court held the trial court had jurisdiction to hear the appeal. *Id*., at 373. Later the court determined the commission's interpretation of the statute was incorrect, and held the officer was eligible for promotion and eligible to take the promotional examination. *Perez v. City of Laredo*, 82 S.W.3d 605, (Tex. App. - San Antonio 2002).

Here, Corporal Tovar is requesting similar relief from the court as in *Perez*. The commission members have misapplied the law regarding the application of seniority points, and he is now requesting an order from the court instructing the

---

[1] Contrary to the Appellants assertion that "there are no reported cases where civil service commissioners have been sued in their individual capacity in regard to performing their official duties as a member of the Civil Service Commission." Brief of Appellants, pg. 13.

individual commissioner's to apply his seniority points and add him to the promotional eligibility list as required under TEX. LOC. GOV'T CODE § 143.033.

Citing to *Parrish v. Phillips*, Appellants further contend that the Commission as a body could not be bound by an order from the trial court if it is not named as a Defendant. Appellants' Brief, pg. 14, 401 S.W.2d 347, 349-50 (Tex. Civ. App. – Houston [1st Dist.] 1996, writ ref'd n.r.e.). The Appellants misinterpret *Parrish*. In *Parrish*, plaintiff surveyors' brought a class action against defendant engineers seeking a declaratory judgment in part to determine the validity of certain rules adopted by Texas State Board of Registration for Public Surveyors (the Board) naming the individual board members as the defendants. *Id.*, at 347-348. The Court held that "[a]n adjudication of the power or authority of the Board to adopt the rules in question, and of the validity of the rules adopted, cannot properly be made in an action to which the Board is not a party." *Id.*, at 349.

Here, Corporal Tovar is not challenging the validity of the governing statute, but rather Appellants' action or in-action under Chapter 143. Again, Corporal Tovar asserts that the Appellants violated state law when they refused to apply his seniority points to his examination score and place him on the eligibility list for promotion in accordance with statutory authority TEX. LOC. GOV'T CODE §143.033. Corporal Tovar's declaratory claims seeking compliance with Section 143.033 falls within the *ultra vires* exception to sovereign immunity. *See, e.g., Texas Natural Res.*

20

*Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex. 2002) ("Private parties may seek declaratory relief against state officials who allegedly act without legal or statutory authority."); *Federal Sign v. Texas Southern University*, 951 S.W.2d 401, 404 (Tex. 1997) ("[A]n action to determine or protect a private party's rights against a state official who has acted without legal or statutory authority is not a suit against the State that sovereign immunity bars.") A claim under the *ultra vieres* exception must be brought against the state actors in their official capacity, and the suit "must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *City of El Paso v. Heinrich,* 284 S.W.3d 366, 372 - 373 (Tex. 2009).

The Appellants' decision to withhold seniority points from Corporal Tovar's written grade was not discretionary and otherwise not lawfully authorized. The application of seniority points and adding officers to a promotion eligibility list is ministerial. As discussed above, the statutory text of TEX. LOC. GOV'T CODE § 143.033 clearly provides that seniority points should be added to a police officer's grade on the written examination for promotion to determine if his/her name should be placed on the promotional eligibility list.

**B.    Commission is not a legal entity that can be sue and be sued.**

The Appellants' have not established that the Commission itself is a legal entity, separate from the City of New Braunfels, that has the capacity to be sued. The chief executive officer of the City appoints the members of the Commission and they are removed by the City's governing body. The City also provides office space. TEX. LOC. GOV'T CODE §§ 143.006-007. The City's governing body determines the salary of the director. TEX. LOC. GOV'T CODE § 143.012(d).  In an appeal to district court from a Commission decision, it is the city that is charged with paying an award to the officer. TEX. LOC. GOV'T CODE § 143.015(d). Further, the statute recognizes that the "Commission is established in the municipality." TEX. LOC. GOV'T CODE § 143.006.  The statute does not provided that the Commission can sue and be sued. *See Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 843 (Tex. 2009) (sue and be sued means that the entity has the capacity to sue and be sued in its own name).

Moreover, as the trial court correctly held, it is rare that a person's presence is so indispensable that it deprives the court of jurisdiction to adjudicate between the parties already joined. App. A, CR 265 (citing *Brooks v. Northglen Ass'n.*, 141 S.W.3d 158, 162 (2004); *Mining v. Hays Co. Bail Bond Board*, No. 03-05-00448-CV, Slip op. at 5 (Tex.App.-Austin 2006) (memorandum opin.)).

**C.** **Chapter 143 does not mandate the commission the commission be named as a party.**

Corporal Tovar was not required to name the Commission as a party in order to invoke the court's jurisdiction, because Chapter 143 does not mandate that the Commission must be named as a defendant in an appeal to district court. In *Connor v. Klevenhagen*, the court held that a quasi-judicial party need not be named as a party to appeal a decision to district court. 726 S.W.2d 205 (Tex.App.-Houston [14th Dist.] 1987, writ re'd n.re.) In *Connor*, the plaintiff, a deputy sheriff employed by the Harris County Sherriff's Department, was terminated by the Sheriff for various policy violations. *Id.* After his appeal to the Harris County Sheriff's Department Civil Service Commission was unsuccessful, Deputy Connor appealed the Sheriff's decision to district court by naming Sheriff Johnny Klevenhagen as the only defendant. *Id.* at 206. The trial court dismissed Mr. Connor's case for failing to name the Commission as a party-defendant within the statutory time period. *Id.* The Court of Appeals reversed the trial court on the grounds that nothing in the statute required the Commission to be named a party-defendant. *Id.* at 207. The Court of Appeals found that the Commission's review of Deputy Connor's termination by the Harris County Sheriff's Department was an action of quasi-judicial character. Id. at 207. As such, the Court would "not inject such a jurisdictional requirement when one is seeking review of a decision by a commission acting in a quasi-judicial capacity in the absence of clear legislative language mandating such a requirement." *Id.* at 207.

23

Like the relevant civil service statute in *Connor*, Section 143.015 of the Tex. Loc. Gov't Code does not specify who is required to be named as a defendant in appeal to district court. As in *Connor*, the New Braunfels Civil Service Commission is not a necessary party-defendant because nothing in Chapter 143 requires the Commission to be named as a party to appeal to district court. Nonetheless, "[i]t is fundamental that a suit against a state official is merely 'another way of pleading an action against the entity of which [the official] is an agent." *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)).

## IV.  Corporal Tovar has standing (Response to Appellants' Argument II).

The Appellants assert that Corporal Tovar has not established a justiciable claim and therefore lacks standing to bring suit in this case. The Texas Uniform Declaratory Judgment Act gives Texas courts the power to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." TEX. CIV. PRAC. & REM. CODE § 37.003.  Declaratory judgment is appropriate relief when there is a justiciable controversy about the rights and status of the parties, and the declaration would resolve the controversy. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995); *Cobb v. Harrington*, 190 S.W.2d 709, 713 (Tex. 1945) (declaratory-judgment action is "an instrumentality to be wielded in the interest of

24

preventative justice and its scope should be kept wide and liberal, and should not be hedged about by technicalities.").

## A. A justiciable case in controversy exists.

The Appellants argue that Corporal Tovar lacks standing because he has no justiciable interest in holding a Sergeant's position, or a right to be placed on the promotional list because there was no vacancies in the Sergeant classification at the time the promotional examination was scheduled, given and scored or when the lawsuit was filed. Appellants' Brief, pg. 23. The trial court properly held that "being on the eligibility list, in and of itself, is a legislatively-created justiciable interest regardless of the presence or absence of a vacancy for a period of one year after the date the on which the exam was given." App. A, CR 264.

The Appellants cite to *City of Amarillo v. Hancock*, 150 Tex. 231, 239 S.W.2d 788, 790 (Tex. 1951), in support of their argument. CR 86. Counsel for Appellants made a similar argument relying on *Hancock* as authority in a previous case before this Court in *City of Round Rock v. Whiteaker,* 241 S.W.3d 609, 617 (Tex.App. – Austin 2007, *pet. denied*). However, as the trial court points out in this case, "the Third Court of Appeals clearly stated in 2007 that virtually the very same argument is 'derived from a misreading of [*Hancock*].'" App. A, CR 263; *Whiteaker,* at 617. In *Hancock*, the Chief of the Fire Department of the City of Amarillo recommended fire Captain Hancock be demoted to driver, and the Civil Service Commission

subsequently entered a demotion order. *Id.* Because the procedures for demotions before the Civil Service Commission did not provide for an appeal to district court, Hancock argued that he had an inherent right of appeal to a judicial review of a decision by an administrative tribunal. *Id.* The court found that decisions made by an administrative body "which do not affect vested property rights or otherwise violate some constitutional provision are valid." *Id.*

In *Whiteaker* this Court further explained that "*Hancock* does not mean that a person whose statutory rights are being violated could have no judicial recourse of any kind, or standing to seek it, unless the statutory right implicates vested property rights." *Whiteaker*, at 625. "*Hancock* instead stands for the principle that there is *no inherent judicial* jurisdiction to entertain an appeal from a civil service commission except where the agency action violates a constitutional provision (such as due process, which presupposes the existence of a property interest)." *Id.*

Unlike Hancock, Corporal Tovar is not seeking relief based on an inherent right due to violations based on constitutional principles. Corporal Tovar's appeal is statutory. Corporal Tovar is not asserting that the Appellants are required to promote him to Sergeant under Section 143.033. He is merely requesting the Court to order the Appellants to properly apply the grading procedures and place him on the eligibility list for promotion to Sergeant for a year as required under the statute. Chapter 143.033 does not require the existence of a vacancy in the next higher

26

classification before an eligibility list for promotion can be created. Furthermore, Section 143.036(e) provides a clear procedure for making promotional appointments when an eligibility list *exists* or *does not exist* on the date a vacancy is created:

> If an eligibility list exists on the date a vacancy occurs, the department head shall fill the vacancy by permanent appointment from the eligibility list furnished by the commission within 60 days after the date the vacancy occurs. If an eligibility list does not exist, the department head shall fill the vacancy by permanent appointment from an eligibility list that the commission shall provide within 90 days after the date the vacancy occurs.

Additionally, pursuant to Section 143.036(h) "[e]ach promotional eligibility list remains in existence for one year after the date on which the written examination is given, unless exhausted. At the expiration of the one-year period, the eligibility list expires and a new examination may be held." The statute does not mandate the existence of a vacancy at the time of the test. Waiting to hold a test for promotional consideration until a vacancy occurs would undermine the benefit of filling positions quickly and efficiently from an already existing list of qualified candidates.

**V.    Sovereign Immunity does not bar claims for declaratory or injunctive relief (Response to Appellants' Argument III).**

Appellants contend that they are protected from suit because they have not waived sovereign immunity in this case. Appellants' Brief, pg. 27. The Appellants' primary argument appears to be that Tovar "is attempting to circumvent Defendants' governmental immunity by characterizing a suit for money damages as a declaratory judgment action." Appellants' Brief, pg. 29.

Governmental immunity from suit extends only to claims for money damages – it does not bar claims for declaratory and injunctive relief, even when joined with a money damages claim barred by immunity. *E.g., Labrado v. County of El Paso*, 132 S.W.3d 581, 592-4 (Tex. App. – El Paso 2004, no pet.); *Whiteaker*, at 634; *Lowell v. City of Baytown*, 264 S.W.3d 31, 34-5 (Tex. App. – Houston [1st Dist.] 2007, pet. filed). Corporal Tovar is not seeking retrospective monetary relief.

## A. Corporal Tovar is entitled to prospective injunctive remedies.

In *Heinrich* the Supreme Court determined that "while government immunity generally bars suits for retrospective money relief, it does not preclude prospective injunctive remedies in official-capacity suits against government actors who violate statutory or constitutional provisions." 284 S.W.3d at 368-369.

Corporal Tovar has met the criteria to fall within the *ultra vieres* exception. Corporal Tovar properly named the New Braunfels Civil Service Commission individual members in their official capacities, and, as discussed above, has proved they acted without legal authority and failed to perform a purely ministerial act when they refused to add seniority points to Corporal Tovar's written test grade as statutorily required by Section 143.033.

## B. A writ of mandamus may be issued to compel Appellants to perform a purely ministerial act (Response to Appellants' Argument IV).

Appellants failed to perform a purely ministerial act as required by TEX. LOC. GOV'T CODE §143.033. A writ of mandamus may be issued to compel a public official to perform a ministerial act. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991) ("An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion.") Here, Section 143.033 clearly spells out the duty of the Appellants to apply seniority points to his written test grade and place him on the eligibility list for promotion. The Appellants refused to perform this duty. All elements are met in this cause.

Citing to *City of Houston v. Meister,* Appellants content that mandamus relief is not appropriate relief in this case. 882 S.W.2d 29, (Tex. App. – Houston [14th Dist.] 1994, *writ denied*). The present case is not factually or legally analogous to *Meister*. In *Meister*, a police officer was indefinitely suspended (terminated) from employment by the Chief of Police and the officer appealed his termination to the Civil Service Commission. *Id.*, at 29. However, *before the hearing*, he filed a writ of mandamus in district court, complaining of the Commission's lack of jurisdiction. *Id*. The Court held the writ of mandamus was not appropriate because Meister still had a remedy of an appeal after the hearing before the commission. *Id.*, at 31. Unlike Meister, Corporal Tovar filed his writ of mandamus *after* exhausting his administrative remedies with an appeal before the commission. CR 10. Appellants

29

have not demonstrated how Corporal Tovar's appeal to district court pursuant to TEX. LOC. GOV'T CODE § 143.015(a) is disruptive to the proceedings.

### C. Corporal Tovar is entitled to injunctive relief (Response to Appellants' Argument V).

An applicant for injunctive relief must demonstrate the existence of a wrongful act, imminent harm, irreparable injury, and the absence of an adequate remedy at law. *John Paul Mitchell Systems v. Randall's Food Markets, Inc.*, 17 S.W.3d 721, 732 (Tex. App. - Austin 2000, pet. denied), citing *Frey v. DeCordova Bend Estates Owners Ass'n.*, 632 S.W.2d 877, 881 (Tex. App. - Fort Worth 1982), *aff'd*. 647 S.W.2d 246 (Tex. 1983). Whether imminent harm has been demonstrated is a question for the court, not a fact question for the jury. *Operation Rescue-National v. Planned Parenthood of Houston and Southeast Texas, Inc.*, 975 S.W.2d 546, 554 (Tex. 1998). Fear or apprehension of the possibility of injury is not sufficient. *Democracy Coalition v. City of Austin*, 141 S.W.3d 282, 296 (Tex. App. - Austin 2004, no pet.), citing *Frey v. DeCordova Bend Estates Owners Ass'n.*, 647 S.W.2d 246, 248 (Tex. 1983). The applicant must present evidence showing that future use of a complained-of policy will result in imminent harm to others seeking to exercise their statutory rights in the future. *Id.,* at 296. (Applicants seeking to enjoin mounted police patrols had burden to show that future use of mounted-patrol policy by police would result in imminent harm to other citizens seeking to exercise their free speech rights).

30

If injunctive relief is not granted, Corporal Tovar would suffer an irreparable injury when the defendants re-administer an examination for placement on the eligibility list for Sergeant or a Sergeant's position becomes available within a year of the test. Pursuant to Section 143.036(g) "[e]ach promotional eligibility list remains in existence for one year after the date on which the written examination is given, unless exhausted." In addition, "the top-ranked candidate on a promotion eligibility list at the time a vacancy occurs has the 'primary right' to be appointed to fill the vacancy not later than the last day of the sixty-day statutory period in which the department head is required to fill the vacancy, and failure to timely fill the vacancy results in the top-ranked candidate's entitlement to the appointment, as a matter of law, effective the sixtieth day." *Whiteaker*, at 618 – 619. Because Corporal Tovar has not been properly placed on the eligibility list for promotion to Sergeant, he has lost eligibility for promotion he is entitled to under Chapter 143. Moreover, similarly situated police officers seeking their statutory right to be placed on an eligibility list for promotion will suffer the same irreparable injury if the defendants are not enjoined from misapplying the statutorily mandated seniority points to written test scores in the future.

# CONCLUSION AND PRAYER

Accordingly, Corporal Tovar requests that this Court affirm the decision of the trial court which denied Appellants' Plea to the Jurisdiction and render judgment in his favor declaring as follows:

1. Corporal Tovar is entitled to have 10 seniority points added to his written examination grade from the May 20, 2014 promotional examination;

2. The Appellants failed to comply with the promotion examination grading provisions under Tex. Loc. Govt. Code. §143.033 by failing to: add 10 seniority points to Corporal Tovar's written examination grade from the May 20, 2014 promotional exam; recognize Corporal Tovar's grade on the examination from the May 20, 2014 promotional exam is 74 points; and place Corporal Tovar's name on the eligibility list for promotion to Sergeant;

3. Corporal Tovar recover his attorneys' fees before the district court and on appeal, remanding to determine the amount of attorneys' fees, and awarding pre-judgment and post-judgment interest;

4. In the alternative, if certain issues need to be resolved by the trial court, then remanding this case for a decision on any remaining issues including: (1) a mandamus to Appellants to comply with their statutory duties of applying 10 seniority points to Corporal Tovar's written examination grade and placing Corporal Tovar's name on the eligibility list for promotion to Sergeant; (2) injunctive relief; and (3) Corporal Tovar's attorneys' fees.

5. Such other and further relief to which Corporal Tovar may be justly entitled.

Respectfully Submitted,

/s/ Chad R. Hyde
Chad R. Hyde
Texas Bar No. 24046130
chad.hyde@tmpa.org
Randal C. Doubrava
Texas Bar No. 0602990
randy.doubrava@tmpa.org
Texas Municipal Police Association
6200 La Calma Drive, Ste. 200
Austin, Texas 78752
Tel. (512) 454-8900
Fax (512) 454-8860

ATTORNEYS FOR APPELLEE
JOSEPH TOVAR

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4, I hereby certify that this brief contains 6605 words, when calculating only those portions to be included as stated in Rule 9.4(i)(1). This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/Chad R. Hyde
Chad R. Hyde

# CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this document on all other parties, which are listed below on this 6th day of January 2015, as follows:

*By Electronic Service*

Bettye Lynn
Texas State Bar No. 11540500
LYNN ROSS & GANNAWAY, LLP
306 West Broadway Avenue
Fort Worth, Texas 76104
Tel. (817) 332-8504
Fax (817) 332-8548
Lead Attorney for The City of New Braunfels, Texas,
Jan Kotylo, in her official capacity,
Pat Clifton, in his official capacity, and
Fritz Welsch, in his official capacity.

/s/Chad R. Hyde
Chad R. Hyde

# APPENDIX A



**STEVE THOMAS**
Court Administrator
Comal, Hays and
Caldwell Counties

**COMAL COUNTY**
**OFFICE OF COURT ADMINISTRATION**
22ND, 207TH, 274TH, 433RD
**JUDICIAL DISTRICTS**

**SAVANNAH L. MAURER**
Court Coordinator

**KIMBERLY A. McMAHON**
Asst. Coordinator

**JOHN CALENTINE**
Bailiff

**NICK REININGER**
Bailiff

October 23, 2014

Mr. Chad Hyde
Attorney at Law
6200 La Calma Drive, Suite 200
Austin, TX 78752

**VIA FACSIMILE #(512) 454-8860**
**and FIRST CLASS MAIL**

Ms. Bettye Lynn
Attorney at Law
306 W. Broadway Avenue
Ft. Worth, TX 76104

**VIA FACSIMILE #(817) 332-8548**
**and FIRST CLASS MAIL**

RE:   Cause No. C2014-0928A; Joseph Tovar vs. City of New Braunfels; In the 22nd Judicial
       District Court of Comal County, Texas

Counsel:

Enclosed herewith please find a copy of the Order on Defendant's Plea to the Jurisdiction signed
by Judge Dib Waldrip with regard to the above-referenced and entitled cause.

If you have any questions with regard to the enclosed, please give me a call.

Sincerely,

SAVANNAH L. MAURER
Court Administrator

Enclosures



150 N. Seguin, Suite 317                                        830-620-5562
New Braunfels, Texas 78130                                   Fax 830-608-2030

## DIB WALDRIP
PRESIDING JUDGE

### 433RD JUDICIAL DISTRICT COURT
COMAL COUNTY

### October 23, 2014

## CAUSE NO. C2014-0928A

| | | |
|---|---|---|
| JOSEPH TOVAR | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 433RD JUDICIAL DISTRICT |
| | § | |
| CITY OF NEW BRAUNFELS, et al.§ | | COMAL COUNTY, TEXAS |

### ORDER ON DEFENDANTS' PLEA TO THE JURISDICTION

CAME ON the 14th day of October, 2014, the Defendants, the City of New Braunfels and the Commissioners of the New Braunfels' Civil Service Commission—in their official capacities (hereinafter, collectively the "City"), and the Plaintiff Joseph Tovar (hereinafter "Tovar") presenting respective arguments for and against the Court's exercise of jurisdiction in this case. Counsel for both sides presented legal arguments and agreed that no fact issue exists and that this plea is to be decided as a matter of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). Thus, although the Court has taken judicial notice of the file, including the undisputed factual averments in Plaintiff's Original Petition, the Court reviewed the arguments of counsel and applicable case law to decide the issues at hand.

If jurisdiction is proper, the merits of the lawsuit will turn on whether Tovar, a New Braunfels Police Officer, is entitled to receive credit for his seniority pursuant to Chapter 143 of the Tex.Loc.Gov't Code (West 2014). Tovar alleges those civil service

statutes entitle him to credit for his seniority regardless of his actual score on a written promotional exam. On the other hand, the City counters that the same statutes dictate that credit for seniority is due only if an examinee achieves a passing raw exam score of at least 70. The crux of the matter is that Tovar's claim, if correct, would require that he be placed as the sole candidate on the then-current eligibility list for promotion to the rank of sergeant.

The City's Plea to the Jurisdiction presents the following points restated as succinctly as possible. As an initial consideration, the City alleges Tovar lacks standing. Next, the City alleges that Tovar failed to name the New Braunfels' Civil Service Commission as a necessary and indispensable party to the suit. The City also asserts that the said failure is an incurable defect due to a statutory 10-day limit within which Tovar must properly appeal the Commission's decision. As well, the City asserts that the suit is barred by sovereign and governmental immunity. Further, the City asserts that Tovar's attempt to obtain mandamus and injunctive relief is precluded by the statutory remedies. Otherwise, the City generally claims Tovar's reading of the statute is wrong while its reading is right—neither of which are proper grounds for dismissal at this juncture. *See Miranda, supra.*

## STANDING

The City argues Tovar lacks standing due to the absence of any vacancy in the police department rank or classification of sergeant at any the time between the promotional exam and the time the lawsuit was filed. Thus, according to the City, Tovar's claim is merely a theoretical dispute and not one involving a genuine conflict of tangible or vested interests. In support of its argument, the City cites *City of Amarillo v. Hancock*, 150 Tex. 231, 239 S.W.2d 788 (1951), but the Third Court of Appeals clearly stated in 2007 that virtually the very same argument is "derived from a misreading of [that case]." *City of Round Rock v. Whiteaker*, 241 S.W.3d 609, 625 (Tex.App.—Austin 2007, *pet. denied*).

In *Whiteaker, supra*, there are some very similar facts but also a few distinguishable ones as well. Principally, one distinguishing fact is that Whiteaker sued after a vacancy arose. This Court concludes that no significance attaches to this

distinguishing characteristic in that the civil service statutes' promotional framework is designed to create an eligibility list that is to remain "in effect for one year after the date on which the exam was given." *Whiteaker, supra* at 617 (*citing* Tex.Loc.Gov't Code § 143.036(h)). The Third Court reiterated the Texas Supreme Court's conclusion that a "top-ranked candidate on a promotion eligibility list at the time a vacancy occurs has the 'primary right' to be appointed to fill the vacancy." *Id. citing Lee v. Downey*, 842 S.W.2d 646, 649 (Tex. 1992).

The civil service statutes also dictate that any decision of the Commission may be challenged, if at all, by filing a petition within 10 days of notice of the final decision.[1] *See* Tex.Loc.Gov't Code § 143.015 (a) (West 2014). It is undisputed that no one other than Tovar, if anyone at all, would have been placed on the promotion eligibility list. Thus, in order to preserve his opportunity to attain this "primary right" if a vacancy occurs within the next year,[2] Tovar had no choice but to challenge the decision not to place his name on a list by invoking this Court's jurisdiction within 10 days.

Under the position advanced by the City on these undisputed facts, any value of maintaining a promotion eligibility list for one year would be substantially diminished and, in effect, a calendar year would be shortened to a mere 10 days beyond the date on which notice of the final decision was provided in any situation in which there is no immediate or extant vacancy when any civil servant is challenging a decision not to be placed on the list.[3] Rather, the statutory framework has created a uniform standard—a firm year-long expectation for anyone on such a list or otherwise entitled to be placed on the list—this expectation is clearly more than theoretical, and being on the eligibility list, in and of itself, is a legislatively-created justiciable interest regardless of the presence or absence of a vacancy for a period of one year after the date on which the exam was given.

---

[1] Tovar took the promotional exam on May 20, 2014, filed a grievance on May 22nd, received notice of the final decision of the Commission on July 9th, and filed this suit on July 18th.

[2] The City cites *Carr v. City of Fort Worth*, 266 S.W.3d 116 (Tex.App.—Fort Worth 2008, *pet. denied*), in support of its proposition that no property interest sufficient to establish standing exists absent a vacancy. *Carr, supra* does not so hold; rather, in the summary judgment context, *Carr, supra* at 124, holds that the existence of an eligibility list at the time of a vacancy gave rise to a duty to use that list to fill the vacancy.

[3] If the non-existence of a vacancy is determinative of standing in district court, the Commission should also have simply declined, summarily, to consider Tovar's grievance on a congruous "lack of standing" argument that no vacancy existed. Conversely, since Tovar had ample "standing" to have his grievance heard and decided by the Commission, why would he not have standing to have the very same complaint appealed to district court pursuant to § 143.015 of the Tex.Loc.Gov't Code?

Further, it is incumbent on the Court to presume the existence of jurisdiction, including in part standing, unless a lack thereof is apparent. *See Peek v. Equipment Serv. Co.*, 779 S.W.2d 802, 804 (Tex. 1989). On these undisputed facts, a lack of jurisdictional standing is not readily apparent. On this ground, the City's plea is denied.

## NECESSARY AND INDISPENSABLE PARTIES

The City argues that Tovar's failure to timely include the New Braunfels' Civil Service Commission as a necessary party in his declaratory judgment action renders this suit improper and, thus, subject to dismissal on jurisdictional grounds. Both the Texas Supreme Court and the Third Court of Appeals have recently held that any such failure rarely implicates or affects a trial court's subject matter jurisdiction in a declaratory judgment action. *Brooks v. Northglen Ass'n.*, 141 S.W.3d 158, 162 (2004); *Mining v. Hays Co. Bail Bond Board*, No. 03-05-00448-CV, *Slip op.* at 5 (Tex.App.—Austin 2006) (*memorandum opin.*). In that the trial court's jurisdiction is presumed[4] and that the City has not espoused how or why Tovar's suit for declaratory judgment fits into such a rare scenario that jurisdiction is implicated, the City's plea on this ground is denied.

The City argues further that it is the Commission and the Commission alone that acts upon or makes decisions regarding civil service issues; therefore, it allegedly is an indispensable party and that naming the individual commissioners, strictly in their official capacity, as defendants in the lawsuit is inadequate to bind the Commission. *See* Tex.R.Civ.P. 39(b). Having reviewed the pleadings herein, this suit, as alleged, seeks to require the Commissioners, as government officials, to comply with a statutory provision regarding non-discretionary matters or ministerial acts. Consequently, this is an *ultra vires* suit attempting to reassert the control of the state and to enforce existing policy. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009).

Such as the case may be, the governmental entity—the New Braunfels' Civil Service Commission remains immune from suit—"[t]his is true even though the suit is, for all practical purposes, against the state." *Heinrich, supra* at 373. In this vein, the Texas Supreme Court also quoted *Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985), pointing out that "[A] judgment against a public servant 'in his

---

[4] *Peek, supra.*

official capacity' imposes liability on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond." *Id.* Here, the undisputed facts illustrate that Tovar filed a grievance with the Commission on May 22, 2014, and that the Commission held a meeting to discuss and rule upon the grievance on July 9, 2014. The Court concludes that both the grievance and meeting thereon satisfied the Supreme Court's requirements of notice and opportunity to respond. Thus, Tovar need not have sued the Commission, as an entity and as an indispensable party, pursuant to Tex.R.Civ.P. 39(b). The City's plea on this ground is denied.

Coupled with the argument that the New Braunfels' Civil Service Commission is an indispensable party, the City maintains that § 143.015(a) of the Tex.Loc.Gov't Code requires that any petition seeking to set aside a Commission decision must include the Commission, as an indispensable party, and must be filed in district court within 10 days after notice of the Commission's final decision is provided. Tovar's failure to do so timely, the City alleges, creates a bar to the exercise of this Court's jurisdiction.

While the Texas Supreme Court holds—regarding administrative appeals such as the case at hand—that a complaining party must timely name a defendant mandated by statute in order to invoke the trial court's jurisdiction,[5] § 143.015(a) of the Tex.Loc.Gov't Code (West 2014) does not specify any such mandate. Rather, the statute in pertinent part merely states:

> If a fire fighter or police officer is dissatisfied with any commission decision, the fire fighter or police officer may file a petition in district court asking that the decision be set aside. The petition must be filed within 10 days after the date the final commission decision [is provided to the complainant fire fighter or police officer]. *Id.*

While there appears to be no case directly controlling the above quoted statute, the Fourteenth Court of Appeals construed the following similar version of an uncodified civil service statute in 1987:

---

[5] *Texas Catastrophe Property Insur. Assoc. v. Council of Co-Owners of Saida II Towers Condominium Assoc.,* 706 S.W.2d 644, 646 (Tex. 1986).

An employee who under a final decision of the commission is demoted, suspended, or removed from a position may appeal the decision by filing a petition in a district court of the county not later than the 30th day after the day the decision is issued. Tex.Rev.Civ.Stat.Ann. art. 2372h-8, § 7 (Vernon Supp. 1987).

Comparing the plain language of the statute at issue versus other administrative appellate statutes, the Court concluded that had the legislature intended to require the civil service commission be named within the time limit; then, it was incumbent upon the legislature to include any such requirement in the law as it had "clearly done in the past in other statutes." *Conner v. Klevenhagen*, 726 S.W.2d 205, 207 (Tex.App.—Houston [14th Dist.] 1987, *writ ref'd n.r.e.*). Ultimately, the appellate court determined that it would "not inject such a jurisdictional requirement . . . in the absence of clear legislative language mandating such a requirement." *Id*. Likewise, addressing a civil service jurisdictional issue Chief Justice Reynolds of the Seventh Court of Appeals in Amarillo cited a 1920 Texas Supreme Court case[6] for the proposition that courts must take and review statutes as they are. *See City of Lubbock v. Knox*, 736 S.W.2d 888, 891 (Tex.App.—Amarillo 1987, *writ denied*). Although not controlling on this Court, these authorities are persuasive, and the Court takes the statute as it is and concludes that no jurisdictional requirement within § 143.015(a) of the Tex.Loc.Gov't Code (West 2014) mandates that the Commission be named as a defendant. Thus, the City's plea to the jurisdiction is denied on this point as well.

## SOVERIEGN AND GOVERNMENTAL IMMUNITY

The City argues the Court lacks jurisdiction because it maintains sovereign immunity from the allegations raised by Tovar. Under the Declaratory Judgment Act,[7] Tovar asks this Court to declare that Chapter 143 of the Tex.Loc.Gov't Code requires that the City ministerially place his name on the promotion eligibility list, and he seeks attorney's fees in accordance with both statutes. Tovar also asserts that due to the City's continued refusal to perform a non-discretionary duty to place his name on the promotion eligibility list he is entitled to a writ of mandamus to compel it to do so. As well, Tovar asks for other injunctive relief. While paragraph 22 of Tovar's petition generally asserts

---

[6] *Simmons v. Arnim.*, 110 Tex.309, 220 S.W. 66, 70 (1920).
[7] *See* Tex.Civ.Prac. & Rem. Code Ch. 37 (West 2014).

he "has suffered and continues to suffer harm and damages," Tovar does not seek, in the heart of his petition, any monetary compensation other than reasonable and necessary attorney's fees. Nonetheless, Tovar's prayer does baldly seek an award of actual damages, including attorney's fees and costs, interest, and court costs. However, in court Tovar indicated he was not seeking recovery of any monetary damages other than attorney's fees and costs.

In *Whiteaker, supra* at 629, the Third Court of Appeals expressly noted that actions brought to "determine or protect a private party's rights against a state official who has acted without legal or statutory authority is not a suit against the State that sovereign immunity bars." Further, the Court found that § 143.015 of the Tex.Loc.Gov't Code to include "statutory and administrative remedies constitute[ing] 'limited waivers' of sovereign immunity." *Whiteaker, supra* at 630. The Court went on to express its rationale on a number of jurisdictional issues, some of which are not pertinent to the instant case, and it concluded to the extent he sought a declaration of his statutory rights and to compel compliance with these rights in the future, "Whiteaker's causes of action for declaratory, injunctive and mandamus relief do not implicate the City's governmental immunity." *Id.* at 634.

Tovar does not, in the heart of his petition, seek any back pay, back benefits, nor any form of retrospective monetary damages or relief appurtenant thereto. Following the pertinent rationale in *Whiteaker, supra*, the declarative, injunctive and mandamus relief sought in this action do no implicate the City's sovereign or governmental immunity. The City's plea is denied on this ground.

Having reviewed each of the arguments presented that are applicable to the jurisdictional issues,[8] the Court concludes that the City's Plea to the Jurisdiction should be and is hereby **DENIED**.

IT IS SO ORDERED on this the 23rd day of October, 2014.

Honorable Dib Waldrip
Presiding Judge

---

[8] For the sake of brevity, some of the most cogent rationale is set out herein, but all potential reasons in support of the Court's ruling are not stated herein.

# APPENDIX B

Vernon's Texas Statutes and Codes Annotated
  Local Government Code (Refs & Annos)
    Title 5. Matters Affecting Public Officers and Employees
      Subtitle A. Municipal Officers and Employees
        Chapter 143. Municipal Civil Service for Firefighters and Police Officers (Refs & Annos)
          Subchapter B. Classification and Appointment (Refs & Annos)

V.T.C.A., Local Government Code § 143.033

§ 143.033. Promotional Examination Grades

Effective: September 1, 2005

Currentness

(a) The grading of each promotional examination shall begin when one eligible promotional candidate completes the examination. As the eligible promotional candidates finish the examination, the examinations shall be graded at the examination location and in the presence of any candidate who wants to remain during the grading.

(b) Each police officer is entitled to receive one point for each year of seniority as a classified police officer in that department, with a maximum of 10 points. Each fire fighter is entitled to receive one point for each year of seniority in that department, with a maximum of 10 points.

(c) Unless a different procedure is adopted under an alternate promotional system as provided by Section 143.035, the grade that must be placed on the eligibility list for each police officer or fire fighter shall be computed by adding the applicant's points for seniority to the applicant's grade on the written examination, but for a fire fighter applicant only if the applicant scores a passing grade on the written examination. Each applicant's grade on the written examination is based on a maximum grade of 100 points and is determined entirely by the correctness of the applicant's answers to the questions. The passing grade in a municipality with a population of 1.5 million or more is prescribed by Section 143.108. In a municipality with a population of less than 1.5 million, all police officer applicants who receive a grade of at least 70 points shall be determined to have passed the examination and all fire fighter applicants who receive a grade on the written examination of at least 70 points shall be determined to have passed the examination. If a tie score occurs, the commission shall determine a method to break the tie.

(d) Within 24 hours after a promotional examination is held, the commission shall post the individual raw test scores on a bulletin board located in the main lobby of the city hall.

Credits

Acts 1987, 70th Leg., ch. 149, § 1, eff. Sept. 1, 1987. Amended by Acts 1989, 71st Leg., ch. 1, § 26(d), eff. Aug. 28, 1989; Acts 1991, 72nd Leg., ch. 713, § 1, eff. Sept. 1, 1991; Acts 2005, 79th Leg., ch. 869, § 3, eff. Sept. 1, 2005.

**Editors' Notes**

## REVISOR'S NOTE

### 2008 Main Volume

(1) In stating a population figure, the source law describes the figure as being based on the federal census. The revised law omits the reference to the federal census because it is unnecessary. The definitions section of the Code Construction Act (Section 311.005, Government Code) defines "population" to mean population according to the most recent federal decennial census.

(2) Parts of Subsections D(2) and (3) of Section 14 of the source law, codified as Section 143.108, prescribe different standards for determining the passing score for an examination held in a municipality with a population of 1.5 million or more. Subsection (c) of the revised law acknowledges this different standard.

Notes of Decisions (5)

V. T. C. A., Local Government Code § 143.033, TX LOCAL GOVT § 143.033
Current through the end of the 2013 Third Called Session of the 83rd Legislature

**End of Document** © 2014 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX C



By Bettye Lynn

Release No. 43
October 2014

306 West Broadway Avenue
Fort Worth, Texas 76104
Lynn@Laborcounsel.net

*TEXAS CIVIL SERVICE REPORTER*

Copyright 2014 by Bettye Lynn. All rights reserved. No part of this publication may be reproduced or transmitted in any form or by any means, electronic or mechanical, including photocopy, recording, or any information retrieval system without permission in writing from the publisher: Bettye Lynn, 306 West Broadway Avenue, Fort Worth, Texas 76104.

Printed in the United States of America

*This publication is designed and intended to provide accurate and authoritative information in regard to the interpretation and application of the Municipal Civil Service for Firefighters and Police Officers Act and related statutes. It is provided and sold with the understanding that the contents of the Reporter do not constitute legal advice from the publisher. If legal advice or other expert assistance is required, the services of an attorney or other competent professional should be sought.*

# TEXAS CIVIL SERVICE REPORTER

## PREFACE

The *Municipal Civil Service for Firefighters and Police Officers Act*, Texas Local Government Code Chapter 143, formerly the *Texas Firemen's and Policemen's Civil Service Act*, was originally enacted in 1947 as Article 1269m, Texas Civil Statutes, as a means of combating problems in local police and fire departments, such as inequitable hiring practices and lack of minimum due process in disciplinary matters. In the summer of 1987, as part of a continuing program of codification of state law, Article 1269m and related laws were initially formally incorporated, without substantive change, into the Texas Local Government Code, which became effective in September 1987. The codification of Article 1269m was completed in 1989. The codification was an admirable effort to present the civil service laws for Texas police and fire departments in a more coherent and practical format. However, the complexity of those laws remains a challenge for administrators.

Strictly a local option law, it has over the years been repeatedly amended to the point that it no longer resembles the original statute. This has been largely a result of lobbying during most legislative sessions by various police and fire employee organizations. A patchwork of amendments has resulted in numerous "population bracket" provisions that are specifically and solely applicable to the Houston police and fire departments or police and fire employees in several other larger cities. As a result, the civil service law has become more confusing in places and often proves formidable in its correct administration. Hundreds of appellate cases have provided varying interpretations of the provisions of the civil service law, thereby complicating the maze and pitfalls even further.

The intent of the *Reporter*, which has been in publication since 1988, is to provide civil service and human resources directors, civil service commissioners, police and fire chiefs, other city administrators, employee organizations, legal advisers and attorneys, with both a research source and a practical working tool in the administration of Chapter 143 and related laws. The statutes are annotated section-by-section with applicable case law and hearing examiner decisions, as well as cross-indexed to related provisions in other Texas and federal laws. In addition the *Reporter* includes procedural checklists as well as sample forms for a variety of activities undertaken to comply with the civil service law.

As with any interpretive study, there is always room for improvement. The publisher would appreciate any constructive comments or suggestions as to how the work can be corrected, improved, or made more useful.

Bettye Lynn
306 West Broadway Avenue
Fort Worth, Texas 76104
Lynn@Laborcounsel.net

# TEXAS CIVIL SERVICE REPORTER

## ABOUT THE AUTHOR

Bringing a wealth of experience to the publication of this manual, Bettye Lynn is a partner in Lynn, Ross and Gannaway, L.L.P., in Fort Worth, and is certified in labor and employment law by the State Bar's Texas Board of Legal Specialization. She has practiced employment law for 35 years, representing employers exclusively, including many Texas civil service cities.

Bettye's practice has focused on municipal government employment issues, and she has advised cities on matters related to civil service issues, as well as collective bargaining, notice requirements under Section 614.021, and compliance with state and federal wage and hour laws.

Bettye is no stranger to the courtroom, as she has litigated many cases in state and federal court, including the recent *City of Athens v. MacAvoy* matter, which overturned a hearing examiner's reinstatement of a police officer based upon the City's alleged failure to comply with Section 614.021 notice requirements. She has litigated numerous wage and hour matters, including several challenging cities' compliance with Sections 142 and 143 of the Texas Local Government Code.

She also conducts investigations of compliance with state and federal laws, including those related to discrimination and harassment. She also enjoys training municipal governmental managers and supervisors in order to help them prevent employment-related issues from arising. Bettye has been a presenter on employment law to the Certified Public Management ("CPM") program for many years.

Ms. Lynn has been a member of the Texas Municipal Human Resources Association for over 30 years, and is a charter member of the Texas Public Employer Labor Relations Association (TEXPELRA), and has been a member of NPELRA since 1978. She has served on the program committee for the TMHRA's annual Civil Service Update seminar since its inception in the mid-1980s. In 2011, the TMHRA awarded her the Charlie B. Shapard Award for Lifetime Achievement.

In the mid-1980s, she served as a commissioner on the Fort Worth Fire Fighters and Police Officers Civil Service Commission. She has been active for many years in Fort Worth's SHRM chapter, serving as President in 2001 after holding many Board positions for the prior 15 years.

In addition to receiving her law degree from the DePaul College of Law, Bettye holds an MPA from the University of Kansas and her BA in government from The American University in Washington, D.C.

Bettye Lynn
306 West Broadway Avenue
Fort Worth, Texas 76104
Lynn@Laborcounsel.net
817.332.8504

## SECTION 143.033

## PROMOTIONAL EXAMINATION GRADES

(a)     The grading of each promotional examination shall begin when one eligible promotional candidate completes the examination. As the eligible promotional candidates finish the examination, the examinations shall be graded at the examination location and in the presence of any candidate who wants to remain during the grading.

(b)     Each police officer is entitled to receive one point for each year of seniority as a classified police officer in that department, with a maximum of 10 points. Each fire fighter is entitled to receive one point for each year of seniority in that department, with a maximum of 10 points.

(c)     Unless a different procedure is adopted under an alternate promotional system as provided by Section 143.035, the grade that must be placed on the eligibility list for each police officer or fire fighter shall be computed by adding the applicant's points for seniority to the applicant's grade on the written examination, but for a fire fighter applicant only if the applicant scores a passing grade on the written examination. Each applicant's grade on the written examination is based on a maximum grade of 100 points and is determined entirely by the correctness of the applicant's answers to the questions. The passing grade in a municipality with a population of 1.5 million or more is prescribed by Section 143.108. In a municipality with a population of less than 1.5 million, all police officer applicants who receive a grade of at least 70 points shall be determined to have passed the examination and all fire fighter applicants who receive a grade on the written examination of at least 70 points shall be determined to have passed the examination. If a tie score occurs, the commission shall determine a method to break the tie.

(d)     Within 24 hours after a promotional examination is held, the commission shall post the individual raw test scores on a bulletin board in the main lobby of the city hall.

*COMMENTARY:*

1.     **Note:** See also Section 143.108 which prescribes a minimum of seventy points to pass a promotional examination in a city of 1.5 million or more, and Section 143.035 as to alternate promotional systems.

2.     **Seniority**
a.     "Seniority," for purposes of the civil service law, has been defined as all years of service, whether interrupted or uninterrupted, and not merely the last continuous period of service. The premise of this decision is that the purpose of the civil service law is best served where an officer's prior experience contributes significantly to efficiency and capability. *Taylor v. Firemen's and Policemen's Civil Service Commission of Lubbock,* 616 S.W.2d 187 (Tex. 1981).

b.    By "classified police officer" is included service as a probationary police officer as authorized by what is now Section 143.021, where the city ordinance includes the probationary position as a classified one. *City of Pasadena v. Cunningham*, 693 S.W.2d 751 (Tex.App.-Houston [14th Dist.] 1985, no writ).

c.    Police officers must have been in classified positions for the requisite time in order to receive credit for purposes of promotional eligibility. If a city has an ordinance that a probationary status is not in a classified position, the probationary period cannot be counted toward seniority for promotional eligibility purposes, although it will count as seniority for longevity pay purposes. *City of Austin v. Austin Professional Fire Fighters Ass'n*, 935 S.W.2d 179 (Tex.App.-Austin 1996, vacated). *[NOTE: The Texas Supreme Court vacated the judgment of the courts below without reference to the merits and remanded the case back to the trial court for entry of judgment in accordance with an agreement between the parties]*.

3.    **Grading**

a.    **Note:** Although awkwardly written, a promotional applicant in a city of less than 1.5 million is to be placed on an eligibility list if the combination of that applicant's written examination score with up to ten seniority points equals a total score of at least seventy. Thus, it is possible to achieve a perfect score of 110. In cities of 1.5 million or more, under Section 143.108, the written examination score itself must be seventy or greater in order to be eligible for promotion.
One court in 1987 held that a promotional candidate must make a minimum grade of seventy on the written promotional examination to qualify for placement on the eligibility list. Only then could seniority points be added to compute the actual grade to be placed on the eligibility list. *City of Lubbock v. Knox*, 736 S.W.2d 888 (Tex.App.-Amarillo 1987, writ denied). This decision relied greatly on former Article 1269m, Section 14(E)(1), which referred to the question of one or two applicants passing the *written* promotional examination. In codifying that section into Section 143.036(b) of the Local Government Code, the word "written" was omitted.

b.    Grading on the "curve system" is improper. *Firemen's and Policemen's Civil Service Commission of San Antonio v. Rodriguez*, 326 S.W.2d 624 (Tex.Civ.App.-San Antonio 1959, no writ).

4.    **Tie Score**

a.    A regulation promulgated by a civil service commission whereby a tie score on a promotional examination was to be broken by the highest score on the written examination, and, if still a tie, by awarding the promotion to the candidate with the highest efficiency rating [See Section 143.082], was, in one court's opinion, a fair and reasonable system. *Lee v. Firemen's and Policemen's Civil Service Commission of San Antonio*, 526 S.W.2d 553 (Tex.Civ.App.-San

Antonio 1975, writ ref'd n.r.e.).

      b.     Paragraph (c) has been interpreted to provide that the written promotion examination score is first used to break a tie in the overall total score. Seniority in rank is then used secondarily in the event the written examination scores are the same. *City of San Antonio v. Lopez*, no. 04-09-00305-CV (Tex.App.–San Antonio, November 25, 2009, writ denied).